GEORGE METZ AND ANOTHER v. PAUL BREMOND AND ANOTHER.

The words " I acknowledge service this 3rd November, 1853" written on the cita-
tion, and signed by the defendant, are sufficient evidence of service, under the
statute, without any return by the Sheriff.
Where there is an error in the calculation of the amount of a judgment by default,
application should be made in the Court below to have it corrected ; it is not
proper to persecute a writ of error without having first made such application ;
but if a writ of error be prosecuted in such case, this Court will re-form the
judgment.

Error from Harris.   The words " I acknowledge service,
this 3rd November, 1853, were written on each citation, and
signed with the names of the respective defendants.   There
were no returns by the Sheriff, on these citations.

*G. W. Smith*, for plaintiff in error.

*J. B. Jones*, for defendants in error, suggested delay.

HEMPHILL, CH. J.   This was a suit on several notes of hand,
in which judgment was given by default against the plaintiffs
in error.

Fourteen grounds have been assigned for reversal, amount-
ing in substance to this, that there was no sufficient service of
process and that the judgment is excessive.

On the first citations issued the parties respectively acknowl-
edged service in writing over their own signatures.   This ac-
knowledgment appears to have been written on the citation.
Subsequently other citations were issued and served on the
parties by the Sheriff, but not until after the return day of the
Term.   What was the inducement to the issue and service of
the second citations has not been explained, and certainly the
necessity for such citations is not apparent.   The object of ser-
vice is to give legal notice of the suit, that the party may, if

Metz v. Bremond.

he will, be heard in his defence. This is accomplished by his acknowledgment of service, or, in other words, by his acknowledgment that he has had notice, and his implied admission of the legal effects of actual service. The acknowledgment of service appearing on the process in this case is a full compliance with the provision of the statute, which requires the acceptance to be in writing, signed by the party, &c., and filed among the papers of the suit as a record. (Art. 678.)

On the second ground the plaintiffs in error contend that by calculation it will appear that the amount due at the date of the judgment was two thousand eight hundred and forty-nine dollars, instead of two thousand nine hundred dollars and forty-four cents as assessed by the Court. If there be any such mistake or miscalculation as alleged, it should have been corrected below, where it could have been done with less inconvenience and expense to the parties. If we were satisfied, however, that such error existed, the judgment would be reformed so as to accord with the facts. But the aggregate amount is to be ascertained by the addition of the principal amounts with interest on the several notes. The plaintiffs in error have furnished no estimate of the several items of interest, so as to show a mistake in fact, and from such attention as we have been enabled to give to the matter, it appears that the judgment is for too small instead of being for too large an amount.

Judgment affirmed.