Hogan v. Kellum.

## JAMES B. HOGAN v. NATHANIEL K. KELLUM.

See this case for a copy of a writ issued by a Justice of the Peace, which the Court held to be clearly void upon its face, and therefore not sufficient to justify the Sheriff in making a seizure of property in pursuance thereof.

Where the plaintiff alleges that the defendant took and converted to his own use a chattel belonging to the plaintiff, and prays for the recovery of the chattel or its value, if it appear from the evidence that the chattel has been returned, the plaintiff is only entitled to nominal damages and costs, and a verdict for real damages cannot be sustained on the ground that they were given for the trespass alleged and proved.

Though we have no distinctions of forms of action, the rule is as inflexible here, as where those distinctions prevail, that the recovery must be according to the allegations and the proofs.

Though mere matter of form is not regarded, yet where the plaintiff, by the prayer of his petition, asks a particular recovery, or specific relief, which is consistent with the case stated, and there is no prayer for general relief, the special prayer must be regarded as evidencing the nature and object of the suit, and, in this respect, as giving character to it; and the plaintiff will not, in general, be entitled to a different judgment from that which he has asked.

Although process under which a seizure is made be void upon its face, yet if there is no reason to believe the officer, in point of fact, knew it to be so, but that he acted in ignorance of his duty, honestly believing that it was his duty to execute the process, he should not be held responsible for damages beyond what would be compensation to the plaintiff for the injury sustained by him. And he cannot be held responsible for such damages, otherwise than by a suit brought for that purpose, and having that object directly in view.

Appeal from Harris. Action by the appllee against the appellant, commenced May 10th, 1852, for unlawfully taking possession of a mule belonging to the plaintiff, of the value of $150, and converting it to his own use; prayer for the possession of the mule or its value; amendment "And he furth-" er charges and alleges that the said defendant took out of "the possession of the plaintiff and converted to his own use, "the said mule, without any right whatever or by any author-" ity of law, to plaintiff's damage five hundred dollars."

Answer that defendant, being Sheriff of Harris county, took said mule by virtue of lawful process from a Justice's Court, as follows:

Hogan v. Kellum.

"THE STATE OF TEXAS,⎫ To the Sheriff of said county:—
"*Harris County*,     ⎬ Whereas James Cotton, Senr., has
"this 11th day of February, 1852, made oath before me, that
"he has found a mule near Stanley's brick yard in Harris
"county, which mule this affiant declares belongs to him, that
"he purchased the same from Dr. N. K. Kellum and paid
"him for the same, and which has been stolen, and secreted
"from him until the present time; said mule is a mare, of a
"bay color, with collar marks on the neck, and saddle marks
"on the back; and he, deponent, estimates the value of said
"mule at one hundred dollars; you are therefore commanded
"to take into your possession the said mule and the same
"safely keep until a trial of title can be had before me at my
"office in Houston, on to-morrow morning, 10 o'clock, A. M.
"Given under my hand this 11th day of February, A. D.
"1852.  .   .          W. R. REVES, J. P. H. C."

Defendant answered further, that he did not retain posses-
sion of said mule, and had not the possession of said mule at
the commencement of this suit; and a general denial.

The Court, on exception, struck out the first plea.

It appeared from the statement of facts that Kellum, re-
siding in Grimes county, owned the mule and in February,
1852, sent a slave to Houston riding the mule; that on the
11th of February, Hogan took the mule as alleged in the pe-
tition, and carried it to Thomas' livery stable.  Thomas tes-
tified "that James B. Hogan brought the mule in question
"to his stable for safe keeping; that there were three trials
"before W. R. Reves, Justice, as witness understood; that
"after the mule was placed in his possession by Hogan, the
"said Reves, Justice, placed the mule in his charge subject
"to his order; that afterwards the said Kellum, plaintiff,
"came to his stable and took the mule out of the stable into
"the street; that he, Thomas, persuaded Kellum to put the
"mule back in the stable; that Kellum did put the mule back
"in the stable, upon him, Thomas, agreeing to be responsible
"for the same.  This occurred before the second continuance.
"He did not know where the mule went to."

A witness who had been living with Kellum and was sent after the mule, testified as follows: " On my second visit to " Houston, after the case was tried or thrown out of Court, I " went to the defendant Hogan and demanded the mule, as " the agent of the plaintiff. He told me if Judge Reves " would issue an order for the delivery of the mule, he would " put me in possession of the mule. I applied to Judge " Reves for an order and he refused to issue the order. I left " without getting the mule."

One witness for plaintiff testified the mule was worth $150 ; another, $100 ; and another, that he was sold to plaintiff by witness for $125, and that he was cheap at that price. Capt. Stanley, for plaintiff, testified that when the mule was seized, " he went to the Magistrate and proposed to replevy said mule, " as the agent of Kellum, but that the Magistrate and Sheriff " would not permit him."

It was proved that the proceedings before Justice Reves were dismissed upon the motion of Kellum's attorney. It did not further appear from the testimony, what became of the mule.

Verdict for the plaintiff for $150 : judgment accordingly ; motion for new trial overruled.

*Palmer & Jordan*, for appellant.

*J. W. Henderson*, for appellee.

WHEELER, J. The process under which the Sheriff acted, was clearly void upon its face, consequently he could not justify under it, and there was no error in the judgment sustaining exceptions to the plea of justification. But the suit was for the recovery of the mule or its value ; the petition alleging a conversion by the defendant, but praying judgment specially for the recovery of the possession of the property, or its value, in the alternative. The verdict was for the plaintiff for the highest estimated value of the property ; and the judgment

Hogan v. Kellum.

followed the verdict. Yet the evidence showed that after the alleged conversion, the mule came into the possession of the plaintiff, and was returned by him into the stable, where it seems he found it, upon the stable keeper becoming responsible to him, the plaintiff, for it. And it does not appear that his right was afterwards questioned, or his possession disturbed by the defendant, or any one else. The prayer of the petition was satisfied by the restoration of the property specifically; and the evidence showed that the plaintff had resumed, and for aught that appears, retained the possession. The property having come into his possession, if he was afterwards deprived of it by reason of any wrongful act of the defendant, it devolved on him to show it. Upon the evidence the plaintiff clearly was, and the defendant as clearly was not chargeable with the possession of the property, after the former had resumed the possession. And under the alternative prayer of the petition, the verdict, giving the plaintiff the full value, notwithstanding he had recovered possession of the property, and asked its value only in the event of not recovering the property specificallly, was clearly against law and the evidence as applied to the issues. In a word, the plaintiff having sued for the property, or its value, clearly was not entitled to recover both the property and its value. And it appearing in evidence that he had regained the property, he was not entitled to a verdict for its value. A new trial ought, therefore, to have been granted. If the suit had been for damages for the trespass, it would have presented a different case. But, though we have no distinctions for forms of action, the rule is as inflexible here as where those distinctions prevail, that the recovery must be according to the allegations and the proofs. The plaintiff must recover upon the case made by his petition; and cannot recover upon a different case. And though mere matter of form is not regarded, yet where the plaintiff by the prayer of the petition asks a particular recovery, or specific relief, which is consistent with the case stated, and there is no prayer for general relief, the special

prayer must be regarded as evidencing the nature and object of the suit, and in this respect as giving character to it; and the plaintiff will not, in general, be entitled to a different judgment from that which he has asked. For the presumption is that the plaintiff best knows the nature of his case, and the injury he has sustained; and has asked such relief as he will be entitled to upon the facts, as they shall appear in evidence.

The verdict cannot be supported as giving exemplary damages, for that is not the case made by the petition. Nor does the evidence present a case calling for such damages. The process, it is true, was void on its face; but there is no reason to believe the officer, in point of fact, knew it to be so. He doubtless acted in ignorance of his duty, honestly believing it was his duty to execute the process; and he does not appear to have done more than obedience to the mandate required. And though, in consequence of its invalidity, he cannot justify under it, he should not be held responsible for damages beyond what would be compensation to the plaintiff for the injury sustained by him. And he cannot be held responsible for such damages, otherwise than by a suit brought for that purpose, and having that object directly in view. The judgment is reversed and the cause remanded.

Reversed and remanded.