## No. 2123.

## W. D. SMITH & CO. *v.* M. J. WHITFIELD.

1. FAILING DEBTOR—PREFERRED CREDITOR—TRANSFER.—A failing debtor may prefer a creditor, and pay his debt by transferring to him property reasonably proportionate to its amount; and it is immaterial that the creditor knew that other creditors would be hindered and delayed by the transfer.
2. SALE—ATTACHMENT.—The proposition of the seller having been accepted by the buyer, the purchase money paid, and everything done to complete the sale, the property ceases to belong to the seller, and to be liable for his debts.
3. ATTACHMENT—DISSOLUTION.—After the dissolution of an attachment the suit remains as if the writ had never issued. All proceedings under the attachment are dissolved and all liens acquired by it, fall with it, and can impart no validity to a lien acquired by a subsequent attachment.
4. SAME—LEVY.—The levy of an attachment can not attach to an interest contracted for, but not yet acquired.
5. PRACTICE.—When neither assignments of error nor the propositions thereunder, point out the errors complained of, it is not the duty of the court to search them out.

ERROR from Panola.    Tried below before the Hon. J. G. Hazlewood.

This was an action for the trial of the right of property.    A. C. Hill being indebted to W. D. Smith & Co., they sued out an attachment, which was levied on some seed cotton belonging to him.    Discovering some defect in the first, Smith & Co. sued out a second attachment, which was levied upon the cotton before the first was dismissed.    Hill having learned that a second attachment would be issued because of a defect in the first, sold the cotton to the claimant, J. M. Whitfield, and the sale was completed before the dismissal of the first attachment or the levy of the second.    There was also an agreement between Whitfield

and Hill that the latter should have a portion of the cotton for ginning it.

The trial resulted in a verdict and judgment for the claimant, J. M. Whitfield.

*Drury Field* and *J. N. Hays*, for plaintiffs in error.

*W. W. Spivy*, for defendant in error.

WILLIE, CHIEF JUSTICE.—A debtor in failing circumstances may prefer one creditor to another, and convey his property in satisfaction of the preferred creditor's claim.

The creditor may lawfully receive such property, as payment in whole or in part of his debt, and the transaction will be valid though he knew that the intention and effect of the conveyance was to hinder and delay the other creditors of the grantor.

It is, however, essential to the validity of such a transaction, that the property conveyed be of value reasonably proportionate to the amount of debt it is intended to satisfy. These principles are well settled by the decisions of this court, and are no longer open to discussion. (Ellis v. Valentine, 65 Texas; Greenleve, Block & Co. v. Blum, 59 Texas, 124.)

The charge of the court taken as a whole was in accordance with these principles, and the facts of the case fully authorized their submission to the jury. It was shown that the conveyance of the cotton in controversy by Hill to Whitfield was made in part satisfaction of a debt due from the former to the latter; and the credit given by Whitfield upon Hill's indebtedness in consideration of the conveyance was the same in amount as the value of the cotton conveyed. This brought the transaction within the rule of decision already stated, and the sale was not invalid by reason of Whitfield's knowledge that he was obtaining an advantage over the appellants, and delaying and hindering them in the collection of the debt sued on in this case.

If, therefore, the sale to Whitfield was consummated before the levy of the attachment in this case, the cotton was not subject to the writ, and the judgment of the court below was correct. The seller had made his proposition, which had been accepted by the buyer. The purchase money had been paid by a credit upon the books of Whitfield on Hill's account. Nothing remained to be done by Hill to identify the cotton, or to prepare it for delivery. All this occurred before the levy of attachment in

opposition to which Whitfield claimed. The sale was therefore complete. The property had ceased to be Hill's, and was no longer liable for his debts at the time the attachment was levied. (Cleveland v. Williams, 29 Texas, 204.)

But it is claimed that previous to the sale the goods had been seized under a prior attachment sued out in this case by the appellants, and that the lien of that attachment was in force at the time the subsequent writ was levied upon the cotton. It is sought to connect the two writs, and treat the lien of the first as protecting the cotton against sale by Hill until the lien of the second attached. But there is no law to sanction such an attempt. The first attachment was abandoned and dismissed by the plaintiffs. The condition of the suit after the dissolution of the attachment caused by this abandonment was the same as if the writ had never issued. All proceedings had under it fell with the attachment, and all liens acquired by virtue of the writ were lifted from the property upon which they had been fastened. The lien upon the cotton being without force itself could impart none to any lien that might subsequently be acquired upon the same property. When Whitfield bought his purchase was subject to the lien of the prior attachment, and to that alone. He held it against everybody except such as should claim under a judgment foreclosing that lien, and a sale made in pursuance of the proceedings under the particular attachment. As to all liens subsequently acquired, his title was perfect. Upon dissolution of the first attachment Whitfield's title was relieved of the only lien that took precedence of his purchase, and the property thereupon became his absolutely, and was not subject to the levy subsequently made upon it.

The appellants contend that they should have had a judgment for the interest in the cotton which Hill was to have for ginning it, but this interest had not, at the time of the levy, been acquired, and so there was no portion of the cotton to which the levy could attach.

It is claimed that the judge repeated some portions of his charge, to the injury of the appellants, and that he stated facts hypothetically to the jury, in such manner as to amount to a charge upon the weight of testimony. What portions of the charge were thus repeated, and what testimony recited to the jury, we are not informed by the assignments of error, or the statements under them. It is not our duty to search for errors which the appellants themselves have not been able to find or

have not brought to our attention. It is proper, however, to say that we have not found the charge subject to these objections. Upon the state of facts before the jury they could have found no other verdict than they did under any correct instructions, and the judgment must be affirmed, and it is so ordered.

*Affirmed.*

Opinion delivered December 10, 1886.