# THIRD DISTRICT, 1897.

ARMSTRONG, CATOR & CO. v. MRS. J. SNYDER AND CHAS. WOLF.

Decided February 3, 1897.

1. Guaranty—Writing Construed.

S. owed a debt to A., C. & Co., who had demanded payment. A letter from W. to them, declining to indorse S's note, but stating that S. was solvent and would pay before January 1st, and saying: "I will see that she will remit from time to time until your account is settled. * * * I will attend to it and make you a remittance this month,"—was in effect a legal promise by W. to pay plaintiff's claim if the matter was not pressed before January 1st.

2. Same—Writer's Intention.

Testimony by W. that he did not intend to guaranty the payment of the claim, could not control the legal effect of his letter.

3. Same—Acceptance.

Letters from A. C. & Co. to W., thanking him for the "guaranty" and indicating a willingness to extend the time to January 1st, constituted a sufficient acceptance of W's promise.

4. Same—Consideration.

Forbearance to press the claim before January constituted a sufficient consideration for W's guaranty.

APPEAL from the County Court of Travis County. Tried below before Hon. D. A. McFALL.

*J. L. Peeler*, for appellants.

*Geo. F. Pendexter* and *Geo. E. Shelley*, for appellee, Wolf.—There was no promise or agreement on the part of appellee, Chas. Wolf, to guarantee payment of the debt of Mrs. J. Snyder to appellants, and his letter of October 3, 1895, did not constitute such an agreement or promise. Brandt, Suretyship and Guaranty (2 ed.), 154; Baylies, Sureties and Guarantors, 13; Gardner v. Watson, 76 Texas, 30; Thomas v. Wright, 98 N. C., 272.

If there was an offer upon the part of appellee to guarantee payment of the debt of Mrs. Snyder to appellants, then such offer was not accepted by appellants, and appellee is not bound thereby. Wilkins v. Carter, 84 Texas, 438; Lawson on Contracts, secs. 15, 16; Brandt (2 ed.), secs. 186-191.

There was no consideration whatever to support the alleged promise of Wolf to guarantee payment of the account of Mrs. Snyder to appellants. Baker v. Wahrmund, 5 Texas Civ. App., 268; 1 Brandt, secs. 16, 17; 9 Am. and Eng. Ency., Law, 68, 69.

The court did not err in permitting Chas. Wolf to testify as to what

his intention was in writing the letter of October 3 to appellants. Gardner v. Watson, 76 Texas, 30; Looney v. LeGierse, 2 Willson's C. C., sec. 531.

FISHER, CHIEF JUSTICE.—*Statement of the Case.*—Appellants instituted this suit on February 12, 1896, to recover against Mrs. J. Snyder as principal on open account $390.49, with interest, for goods, wares and merchandise sold and delivered to her by appellants, and to recover against Charles Wolf on a letter of guaranty written by him to appellants, October 3, 1895, $303.33 of said account, besides interest.

Mrs. Snyder did not appear or answer. Wolf answered by general and special exceptions; plea of want of consideration; that appellants did not accept or give notice of their acceptance of his guaranty, and by a general denial.

The cause was tried without a jury on May 14, 1896, and judgment rendered by default for appellants against Mrs. Snyder for $419.03, principal and interest, and that appellants take nothing by their suit against Wolf, to which judgment they duly excepted and gave notice of appeal.

The trial judge did not file any conclusions of fact and law in this case.

The material facts proved upon the trial are as follows:

1. That on October 3, 1895, Mrs. Snyder was justly indebted to appellants in the sum of $363.33, which was past due.

2. That on October 7, 1895, Mrs. Snyder paid appellants $60, which was applied as a credit on her said $363.33 indebtedness, but has since paid nothing further thereon.

3. That on October 3, 1895, Charles Wolf wrote appellants the following letter, which they received on or about October 10, 1895, viz:

"Austin, Octo. 3, '95.

"Mess. Armstrong, Cator & Co., Baltimore.

"Gents:—Your letter of the 16 last month to Mrs. J. Snyder is before me. Mrs. S. wished for me to endorse a note for Bal. due you. I would have favored her, but this is a thing I never do for any one. Mrs. Snyder is perfectly solvent and will pay you before Jan. 1, '96. I will see that she will remit from time to time until your account is settled.

"She complains that you have heretofore sent her more goods than she ordered and that the dull trade got her behind. I think she will be able, I will attend to it to make you a remittance this month. Hoping this satisfactory, I am            Resp.,

(Signed)                          "CHAS. WOLF."

4. That on October 11, 1895, appellants wrote Wolf the following letter, which was in reply to his letter above copied in paragraph No. 3, which he received on or about October 15, 1895, to-wit:

"Baltimore, Oct. 11th, 1895.

"Mr. Chas. Wolf, Austin, Texas.

"Dear Sir:—Yours received. You are very kind to guarantee the account of Mrs. Snyder and she does not appreciate it more than we do. As the account is very long overdue, we ask as a special favor if you can't pay the entire amount now, send us a part as least by the 20th of this month.                Yours truly,

(Signed)                "ARMSTRONG, CATOR & CO."

5. That on December 6, 1895, appellants wrote Wolf another letter, which he received on or about Decembr 10, 1895, and which is as follows:

"Baltimore, Dec. 6, 1895.

"Mr. Chas. Wolf, Austin, Texas.

"Dear Sir:—As January 1st is nearly here, we beg leave to call your attention to your promise that you would see the account of Mrs. J. Snyder paid by that time. She still owes us $401.36.

"Yours truly,

(Signed)                "ARMSTRONG, CATOR & CO."

6. That on December 31, 1895, appellants wrote Wolf another letter, through their attorney, J. L. Peeler, which he received on or about January 1, 1896, which is as follows:

"Austin, Texas, Dec. 31, 1895.

"Mr. Chas. Wolf, Austin, Texas.

"Dear Sir:—I beg to call your attention to the fact that on the 3, October, 1895, you wrote Armstrong, Cator & Co. of Baltimore as follows: (Here follows copy of letter set out in paragraph No. 3)

"At the time of writing this letter I presume you were aware that Mrs. J. Snyder owed Armstrong, Cator & Co. $363.33. On the receipt of your letter these people construed the same as a guaranty of the account, accepted it then and now accept it as such guaranty and granted Mrs. Snyder the time you asked for. I further beg to call your attention to the fact that the 1, January will be here tomorrow and that clients will expect a settlement promptly made.

With great respect, I am        Yours faithfully,

(Signed)                "J. L. PEELER."

7. That on or about December 26, 1895, Mrs. Snyder executed the customary mortgage on her stock of goods to Wolf as trustee, preferring certain creditors, but not these appellants, and that among other creditors preferred in said mortgage was the said Wolf for an unstated amount, but that on said December 26, 1895, she owed him the sum of $500.

8. Wolf testified that he did not intend to guarantee the debt of Mrs. Snyder to appellants by the letter written by him to them dated October 3, 1895; that he merely intended to inform them that he would use his influence with Mrs. Snyder to have her make remittances until

she had paid the account in full; that he did not know at the time the letter was written the amount owing by her; that he was not aware that she was insolvent, and that what he offered to do was merely an act of friendship.

*Opinion.*—The questions to be determined are: Does the letter of Chas. Wolf to the appellants, dated October 3, 1895, constitute a guaranty of the claim due plaintiffs by Mrs. Snyder? Do the letters from plaintiffs to Wolf constitute an acceptance of the terms of guaranty? and, Do the facts show that such an extension was given to Mrs. Snyder as would operate as a consideration for the guaranty?

We are inclined to answer all of these questions in the affirmative. The letter written by Wolf to the plaintiffs in legal effect is a promise to pay plaintiffs' claim if the matter is not pressed before January 1, 1896. The demand of the plaintiffs was then due by Mrs. Snyder when this letter was written, and it seems they were demanding and requesting payment, and the letter of Wolf was in response to this demand. The effect of the language contained in Wolf's letter was calculated to lead any one of reasonable prudence to construe it as meaning that if the claim against Mrs. Snyder was not pressed, Wolf would see that it was settled by January 1. Within a reasonable time after the plaintiffs received this letter they replied thereto and thanked him in terms for the guaranty, and by that letter and the one following—December 6— clearly indicated that they were willing to extend the time of payment to January 1. The effect of these two letters operated as an acceptance of the terms indicated by Wolf in his letter, and that they would look to him as a guarantor of the account due by Mrs. Snyder. As a matter of fact the plaintiffs did act upon these letters, and did not press the claim prior to January; and the inference to be drawn from these facts, coupled with their subsequent conduct in declining to press before January, leads to the conclusion that the extention of time was based upon the previous gauranty made by Wolf. It is true that Wolf testified that the purpose was not to gaurantee the payment of the claim due by Mrs. Snyder; but this secret intention of his will not be permitted to control the legal effect of the promise contained in his letter to the plaintiffs.

These views necessarily result in a disagreement with the trial court; and, as there is no controversy about the facts, we here reverse the judgment of the court below and render judgment in favor of plaintiffs against Mrs. Snyder and the appellee Wolf.

*Reversed and rendered.*