FIRST STATE BANK OF HAMLIN ET AL. V. JONES & NIXON.

Decided April 30, 1910.

**1.—Attachment—Motion to Quash—No Conversion.**

A defendant whose property has been seized by an officer under a writ of attachment can not sue for the full value of the property as for conversion when, upon his motion, the attachment is quashed and the property returned or tendered to him by the officer; having invoked the aid of the court to recover possession of the property he can not refuse to receive it, and is only entitled to recover such special damages in the way of loss or deterioration in the value of his property, etc., as has been naturally and proximately caused by the levy.   Such defendant might elect to treat the levy as a conversion and sue for the value of the property, but he can not recover the property and its value too. .

**2.—Same—Partnership—Illegal Levy—Liability of Officer.**

When a writ of attachment which directs the seizure of the property of a certain defendant is levied upon the property of a partnership of which the defendant is a member, and the levy was not made in the manner provided by statute for levying upon the interest of a partner in partnership property, the officer levying the writ and his sureties will be liable for the legal consequences of such wrongful levy, and the fact that the writ was regular on its face would be no defense.

ON REHEARING.

**3.—Appeal—Insufficient Assignments.**

Assignments of error considered and held not entitled to consideration in that they point out no specific error, and are too general.

Appeal from the District Court of Jones County.    Tried below before Hon. C. C. Higgins.

*Woodruff & Yantis, G. M. Shelton* and *Spence, Knight, Baker & Harris,* for appellant, First State Bank of Hamlin, Texas.—Where personal property is levied upon by writ of attachment, and the defendant in the writ procures the court, whence it issued, to abate and dismiss the attachment proceeding, then upon dissolution and dismissal of the attachment he has the immediate right to the possession of the attached property, and he can hold the plaintiff in the writ and the officer who levied it liable as for conversion of the property and recover the full value thereof only where he has made demand

for possession of his property and it is refused by the officer. The attachment lien being dismissed, the owner becomes entitled to the possession · of the property, and the officer and the plaintiff in the writ can be held as for a conversion of the property and be charged with the full value thereof only in case they refuse the owner's demand for it. The motion of the defendant in attachment to dissolve the attachment proceeding and his procuring the dismissal thereof, is only the first step toward acquiring possession of his property which may have been seized under the writ. It is his duty, then, to demand and take possession of the property, and he can hold the attachment plaintiff liable for the property, as for its conversion, only where he shows that he was unable to obtain his property. Hogan v. Kellum, 13 Texas, 396; Low v. Ne Smith, 77 S. W., 32; Gulf, C. & S. F. Ry. Co. v. York, 2 Texas Appeals, Civ., 719; Clerihew v. Richardson, 27 Texas Civ. App., 202; 1 Shinn on Attachment, sec. 395; Field v. Munster, 11 Texas Civ. App., 341, and authorities therein cited, and same case by Supreme Court in 89 Texas, 102.

Where suit is brought on account of. levy of a writ of attachment, under which plaintiff alleges a conversion to his own use by the plaintiff in the writ, and it is alleged that the writ was void, and issue is joined on such allegation by defendant, it is error for the court to charge the jury that the writ was unauthorized by law, and that by the term "conversion" is meant where an officer seizes property under a void writ. Hogan v. Kellum, 13 Texas, 396; Low v. Ne Smith, 77 S. W., 32; Gulf, C. & S. F. Ry. Co. v. York, 2 Texas App. Civ., 719; Clerihew v. Richardson, 28 Texas Civ. App., 202; 1 Shinn on Attachment, sec. 395; Field v. Munster, 11 Texas Civ. App., 341; Munster v. Field, 89 Texas, 102; Lake v. Copeland, 31 Texas Civ. App., 358.

Where under an attachment writ issued against one partner the officer notifies the defendant in the writ that he has levied upon the partnership property, and where the other partner is notified by the plaintiff in the writ that his interest or part in the 'property has not been levied on, and that he is at liberty to take his part of the property at any time, and where the officer does not move the property so levied upon but exercises only a nominal control over it until the attachment is dismissed on motion of the defendant therein, the partners can not then refuse to resume possession of the property and hold the plaintiff in the writ and the officer and his sureties liable in damages for the full value of the property. 1 Shinn on Attachment and Garnishment, sec. 395; Texas Rev. Stats., art. 2342; Jones v. Meyer, 25 Texas Civ. App., 234; Patton v. Garrett, 37 Ark., 605; Cross v. Elliott, 69 Me., 387; Low v. Ne, Smith, 77 S. W., 32; Hogan v. Kellum, 13 Texas, 395.

*C. H. Steele,* for appellants, W. H. Hollis, C. H. Steele, B. S. Davidson and Ed Kennedy.—When a writ of attachment is regular on its face, and the plaintiff in attachment gives an indemnity bond to the sheriff and points out property to be levied on and directs the sheriff to make a levy on such property of such writ, the sheriff and his sureties on his official bond, are not liable for damages for such

levy by reason of the fact that said writ of attachment might not have been authorized in the case out of which. it issued. Rice v. Miller, 70 Texas, 613; Randall v. Rosenthall; 31 S. W., 822; Blum v. Strong, 71 Texas, 321.

*W. T. Shannon, J. W. Boynton* and *J. B. McMahon,* for appellees.

CONNER, CHIEF JUSTICE.—Appellees as partners instituted this suit on the 14th of March, 1908, against appellant, First State Bank of Hamlin, a private corporation, and against W. H. Hollis, as sheriff of Jones County, and against B. S. Davidson, Ed Kennedy and C. H. Steele, sureties upon the officer's bond, to recover damages for the alleged wrongful seizure and conversion of one thousand and forty-two cords of wood, alleged to belong to the plaintiffs and to have been wrongfully converted to the use of the defendants under a writ of attachment issued· at the suit of the First State Bank of Hamlin against the said F. L. Nixon.

Among other things, not necessary to notice, the defendants pleaded the general denial, and the sheriff specially that the attachment proceedings against Nixon had been dismissed "and the property levied upon returned to him; that Nixon disclaimed any ownership to the property so attached and refused to receive the same."

A trial before a jury resulted in a verdict and judgment for appellees against all of the appellants in the sum of two thousand five hundred and ten dollars, as actual damages, with six percent interest thereon from March 21, 1908, with verdict and judgment in like amount against the appellant bank in favor of the defendant sheriff and his bondsmen.

One of the appellants' propositions to an assignment of error complaining of the judgment presents the question of whether appellees were entitled to the value, as for a conversion, of all of the wood upon which the writ of attachment was levied, and we have concluded that the evidence fails to show that they were.

The evidence in substance shows without dispute that the writ of attachment mentioned was issued at the instance of the appellant bank in a suit by it against appellee F. L. Nixon; that at the time the writ was received by the officer all of the wood in controversy, except about one hundred and fifty or two hundred cords, was corded up on a railroad right of way in the town of Hamlin, presumably preparatory to sale and shipment, the remainder being situated in scattered cords in a nearby pasture where wood cutters had left it. The levy was made by the officer notifying appellee Nixon that he "had papers for him and would have to take possession of the wood," and by making return upon the writ that he had levied the same by taking the wood "into his possession." It also seems to be undisputed that upon inquiry made, one of the officers of the appellant bank stated to the other partner, Jones, that it was not intended to levy upon his interest in the wood and that he could get his part at any time.· Some time thereafter the defendant Nixon in the attachment suit presented a plea in abatement of the action and also a motion to quash the writ of attachment because· of an alleged insuffi-

ciency in the attachment bond. The plea in abatement was sustained, the writ of attachment quashed, and the suit dismissed. It seems further undisputed that during the pendency of the attachment suit nothing was done by the officer in relation to the property attached save that, at the instance of some of the parties, he removed some fifty or sixty cords out of the pasture, where it had been corded, to the right of way where the larger part was situated, and that to provide for the expense of so doing he disposed of some ten or twelve cords of the wood.

Revised Statutes, article 216, so far as pertinent, provides that "Should the attachment be quashed or otherwise vacated . . . the court shall make the proper order making disposition of the property or the proceeds of the sale thereof if the same has been sold under order of the court, directing that it be turned over to the defendant." By this statute it is made the duty of the court to order the return of the attached property when it yet remains in the custody of the officer, and of course of the attaching officer to carry the order into effect. And where the defendant invokes such action there must be a correlated duty on the part of the debtor to receive the property. If then in a case coming within the statute, the property be returned to the debtor, or he so elect to receive it, it seems manifest that a suit for conversion can not thereafter be maintained. The debtor can not, as in other cases, refuse to receive the property, but is only entitled to recover on account of the wrongful attachment such special damages in the way of loss or deterioration in the value of the property, etc., as has been naturally and proximately caused by the levy and detention. The debtor may thus be afforded adequate compensation for the wrong done him, and this is the prime object of all rules for the measurement of damages. See Hogan v. Kellum, 13 Texas, 395-396. In this case as stated the sheriff pleaded a return of the attached property, but the court evidently proceeded on the theory that there was no evidence in support of the plea and that hence the conversion alleged was indisputably established, for he peremptorily instructed the jury, to which error is also assigned, to the effect that the writ of attachment offered in evidence was unauthorized by law and that by the term "conversion" was meant "where an officer seizes property under a void writ." But is this true? We think not. There was an undoubted conversion of the wood sold, for the value of which with legal interest thereon from the date of the conversion all appellants are liable, but by far the greater quantity of the wood was at the time of the dissolution of the attachment in the precise condition and situation, so far as the evidence shows, it was when levied upon; and the evidence to which we have adverted at least tends to show if it does not establish such return to appellees as the circumstances required. The wood, to which we are now referring, while technically taken into the possession of the officer by virtue of the writ was not actually so done. It was in substance but a levy by a notice to Nixon and by an endorsement on the writ. The actual possession of appellees was not otherwise disturbed. Nevertheless, appellees might doubtless have then, had they seen proper, elected to treat the levy as a conversion, but they did not do so. One

of the members of the firm invoked the aid of the court to remove the legal obstacle to the firm's possession by pressing to a successful termination a plea in abatement of the suit, which necessarily vacated the ancillary writ of attachment and its levy. The necessary legal consequence, which the partner so acting must be held to have. had in contemplation, was to restore, free of obstruction, possession of all the wood levied upon that had not been actually seized and converted by the officer or lost in some way during the pendency of the attachment proceedings.

In Drake on Attachment (7th ed.), sec. 228, the law is thus stated: "As the whole office of an attachment is to seize and hold property until it can be subjected to execution, its lien is barren of any beneficial results to the plaintiff unless he obtain judgment against the defendant and proceed to subject the property to execution. A judgment for the defendant, therefore, destroys the lien, and remits the parties to their respective positions before the attachment was levied." It is also said in Smith & Co. v. Whitfield, 67 Texas, 124, that (quoting from the headnote): "After the dissolution of an attachment the suit remains as if the writ had never issued. All proceedings under the attachment are dissolved and all liens acquired by it fall with it and can impart no validity to a lien acquired by a subsequent attachment."

Hence, it would seem to be immaterial in the case under consideration that the court failed to make formal order for the return of the property as required by the statute we have cited, for it is clear that Nixon knew of the quashal of the writ and that he had but to ask in order to receive such direction if deemed necessary. Had it been made, its execution could have consisted in nothing other than so notifying one of the partners and in a cessation on the part of the officer in the assertion of control. In substance it appears that this is what was actually done. Nixon knew that the levy had been abated, and there is no evidence whatever that thereafter the officer or the appellant bank asserted any kind of right or control. We think, therefore, that it should be held as matter of law under the circumstances of this case that the possession of the partnership was restored, and that the acts of Nixon must be construed as a waiver of the right to treat the levy as a conversion, and as an election on his part to pursue the remedy of recovering possession of his property, of which he availed himself, together with such damages as may have been caused thereby, it being considered in this connection that the acts of Nixon in relation to the partnership property were binding on the firm and that a return of possession to him was sufficient. See Gassett v. Sargeant, 26 Vt., 424.

The appellants, Hollis and sureties, prosecute a separate appeal and insist that they are not liable because of the fact that the writ of attachment was regular on its face and that hence it could not have been wrongful on the part of the sheriff to make the levy. We think it sufficient to say as to this, however, that if it be conceded that the writ was voidable only and not void, and that it was regular on its face, its direction was to levy upon the property of the defendant, F. L. Nixon, and not upon the property of another. The levy

actually made was upon partnership property without pursuing the method in such cases expressly provided by our statute requiring that a levy upon an interest of a partner in partnership property shall be made by leaving a notice with one or more of the partners, or with the clerk of the partnership.   See Revised Statutes, article 2352. The levy in any other mode is wrongful.   See Currie v. Stuart, 26 S. W., 147.   These appellants are therefore liable for the legal consequences as hereinbefore stated of the wrongful levy made.

We conclude that the judgment should be reversed and the cause remanded for a new trial in accordance with the conclusions we have announced.

### ON MOTION FOR REHEARING.

Appellees present a very forceful motion for rehearing that merits some notice.   Among other things, it is insisted that the assignments of error do not support the proposition upon which the judgment was reversed, and that in considering the same we were in conflict with many decisions of this State relating to the sufficiency of assignments. The assignments that appellees in their motion assumed that we sustained are appellants' first and second, which are as follows:

"The court erred in not setting aside the verdict and judgment rendered against the First State Bank of Hamlin and granting it a new trial in this cause for the reason that said verdict and judgment are not authorized by law as given in the court's charge to the jury, the pleadings of the case, and the evidence admitted under the ruling of the court upon the trial of the case."

"The court erred in refusing to set aside the verdict and judgment because same are not responsive to nor decisive of the issue made by the pleadings and the evidence of the plaintiffs, Jones and Nixon, and this defendant; and the charge of the court applying the law thereto."

These assignments were objected to upon the original hearing, and we agree with appellees that they point out no specific error and are too general to require consideration.   We thought, however, that if the error discussed was not apparent of record it was necessarily involved in the determination of appellants' third assignment of error to the charge of the court and to which we referred in our original opinion. This assignment was that the court erred in charging the jury "that the writ of attachment offered in evidence in this case was unauthorized by law" and that "by the term 'conversion' it means where an officer seizes property under a void writ."   Under this charge and the undisputed facts there seemed to be no other alternative than a verdict in appellees' favor, the very material issue of waiver, which we discussed in the original opinion, being thereby in effect determined against appellants, which we thought was erroneous.   We therefore merely adopted appellants' fourth proposition under its first and second assignments of error as presenting in its most concrete form the real question presented by the assignments and the record.

Nor did we hold, as appellees insist, that the acts of the sheriff in making the levy were insufficient to constitute a conversion, but,

treating them so, that appellees through the acting partner voluntarily pursued the remedy of reclaiming the property and thereby waived the conversion. In this respect the case is wholly unlike the case of Crawford v. Thomason, 53 Texas Civ. App., 561 (117 S. W., 181), so urgently pressed upon us. That one so electing, who actually receives the property in return, can not thereafter also recover the value of the property would seem manifest, and in this case the record shows no obstacle, as in the case of Terry v. Webb, 96 S. W., 70, that prevented appellees from reaping the benefit of the remedy of which they elected to avail themselves. In that case Terry sought and finally obtained a judgment for the return of attached property, but before such final judgment the property had been sold and the proceeds otherwise disposed of, and it was held that the form of his suit did not preclude him from thereafter suing the sheriff and his sureties for the value of the converted property, and we do not think our original opinion subject to the construction that it is in conflict with the Webb case. We did not hold that because of the action of Nixon the partners were thereby precluded from thereafter suing for the trespass. On the contrary, we distinctly held that this suit might be maintained at least for all of appellees' wood actually converted, for the deterioration thereof, if any, and for such special damages, if any, as they may have suffered by reason of the attachment or deterioration of the property while in the hands of the officer.

We conclude that the motion for rehearing should be overruled, and it is so ordered.

*Reversed and remanded.*

Application for writ of error dismissed.