JEFFERSON FIRE INS. CO. OF PHILADELPHIA v. GREENWOOD.

(Court of Civil Appeals of Texas. Austin. Oct. 18, 1911. Rehearing Denied Dec. 6, 1911.)

1. APPEAL AND ERROR (§ 733*)—ASSIGNMENTS OF ERROR—SPECIFICATIONS OF GROUNDS.

Under Rev. St. 1895, art. 1018, and rules 24–26 (67 S. W. xv) of the Courts of Civil Appeals, requiring appellant to file assignments of error, disclosing the specific grounds relied on, etc., an assignment of error that the evidence and verdict do not support the judgment, which fails to specifically point out the error complained of, and which is followed by a proposition merely reiterating the objection, will not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3025; Dec. Dig. § 733.*]

2. EVIDENCE (§ 461*)—PAROL EVIDENCE—ADMISSIBILITY.

Where an applicant for fire insurance returned to the soliciting agent the policy issued, and wrote that the policy was not drawn up as desired, that the agent should "let it alone until I see you before you make another policy," evidence of the applicant's purpose in returning the policy, and that he thought that the policy, until corrected, would remain in force, was inadmissible to show the applicant's undisclosed intent.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2129–2133; Dec. Dig. § 461.*]

3. INSURANCE (§ 651*)—ACTION—EVIDENCE—ADMISSIBILITY.

Where an applicant for fire insurance returned to the soliciting agent the policy issued, on the ground that it was not drawn as directed, and required the agent not to make another policy until the applicant saw him, evidence that the applicant prior to a loss had not received any notice from the agent of the cancellation of the policy, or any notice of the agent's construction of the applicant's directions until after the fire, was inadmissible; no duty devolving on insurer to give notice of the cancellation of the policy, or of its construction of the applicant's directions.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 651.*]

4. INSURANCE (§ 143*) — FIRE INSURANCE — CONTRACTS—REFORMATION.

Where a fire policy issued was not in accordance with the contract of the parties, and was not accepted by insured, who returned it, and the policy was subsequently canceled by insurer, the policy was not the subject of reformation, but the liability of insurer must rest, if at all, on the verbal agreement originally made between the parties for a policy.

[Ed. Note—For other cases, see Insurance, Cent. Dig. §§ 265–272; Dec. Dig. § 143.*]

Appeal from District Court, Grimes County; S. W. Dean, Judge.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Action by J. W. Greenwood against the Jefferson Fire Insurance Company of Philadelphia. Judgment for plaintiff, and defendant appeals. Reversed and remanded for new trial.

H. L. Lewis, for appellant. Boone & Fahey and Gordon Boone, for appellee.

RICE, J. According to appellee's contention, he applied to appellant's agent, on the 7th of October, 1908, for the purpose of obtaining $1,000 insurance on his dwelling house, situated in the town of Plantersville, in said county, which appellant agreed to insure for one year, it being understood that the premium might be paid by appellee in 30 or 60 days; and thereafter appellant issued and mailed to appellee a policy of insurance, differing from the one contracted for in this: That the same was issued to cover loss against fire on his dwelling for $800 and $200 on his household and kitchen furniture and other personal effects therein situated, which policy, on the 20th of the same month, he refused to accept, and returned by mail to appellant's agent, with the letter hereinafter referred to; and thereafter, on the 30th of October, his dwelling house was destroyed by fire, and notice thereof given to appellant. This suit, as originally brought, was to recover on the policy as issued, but, by amendment, plaintiff set up the original agreement in accordance with his contention, and sought to reform the policy in accordance therewith, and to recover upon same as reformed. Appellant replied, denying that it had ever agreed to insure the dwelling for $1,000, but only agreed to issue a policy on said building for $800 and $200 on the furniture; that, before the loss occurred, appellee returned the policy, declining to accept it, and that the same was canceled by it in accordance with his instructions; wherefore it was not liable thereon. It further plead that it was not notified of the loss, as required by said policy, within the time therein prescribed; hence plaintiff was precluded from recovery thereon. Plaintiff set up in answer to said last defense that this feature had been waived, in that the company denied liability and refused to furnish blank proofs of loss, upon demand. A trial was had, resulting in a verdict for plaintiff in the sum of $1,000, and judgment was entered in accordance therewith.

[1] The first assignment is to the effect that the pleadings, evidence, and verdict are insufficient to justify or support the judgment, reforming the policy and awarding the relief decreed in said judgment. The second assignment urges that the court erred in refusing to submit to the jury defendant's special charge No. 1. Both propositions under these assignments merely reiterate the same. Appellee contends that these assignments should not be considered, because they do not conform with the statute and the rules of court upon the subject.

We think this objection is well taken. Where an assignment fails to specifically point out the error complained of, but merely urges in a general way that the verdict is not supported by the evidence, and is not followed by a proposition presenting the question raised by the assignment, the same will not be considered. See article 1018, R. S.; rules 24, 25, and 26, Courts of Civil Appeals (67 S. W. xv); First State Bank v. Jones & Nixon, 139 S. W. 671.

[2] The fourth, fifth, sixth, and seventh assignments present, in different phases, the same question, and therefore will be considered together. During the progress of the trial, the following letter was offered in evidence by the plaintiff, to wit: "Plantersville, Texas, October 20, 1908. Col. E. L. Bridges, Navasota, Texas—Dear Sir and Friend: I herewith enclose you the policy you made out and sent me, as it is not drawn up as I wanted it. I did not want any insurance on the furniture, and told you so. I want $1,000 on the building alone, so let it alone until I see you before you make out another policy. Respectfully, John W. Greenwood." After plaintiff had testified that he returned the policy with the above letter to the agent of appellant, he was allowed, over appellant's objection, to testify what he meant by said letter, stating, among other things, that: "I expected friend Bridges to hold it [meaning the policy] to stand until I could get there, because that was the only thing I could refer to. I sent it back for correction, and did not intend for him to dispose of it. I thought he would hold the policy until we corrected it. It was not my intention to release the insurance company from the contract they had made; it was not my intention to release anything. I sent it back to Col. Bridges for the purpose of having it corrected." The appellant objected, on the ground that the letter was the best evidence of what it contained, and that plaintiff should not be permitted to state anything showing or tending to show what his purpose was in sending the letter, and had no right to give his explanation thereof. These objections should, in our opinion, have been sustained, and the various assignments presenting the question are well taken. The letter was the best evidence of what it contained. Appellant ought not to have been in any way affected by the secret intentions or purpose of the appellee in writing the letter. The present case does not come within any of the exceptions allowing a party to testify as to his intent in doing an act. It is admissible to show intent alone, upon the ground that his conduct should be viewed in the light of his intention, not that the secret, undisclosed intent of the plaintiff should affect or influence the rights of the opposite party, for which reason we think the court erred. See Cheveral v. McCormick, 58 Tex. 440; Armstrong, Cater & Co. v. Snyder, 15 Tex. Civ. App. 394, 39 S. W. 379.

[3] We also sustain appellant's third assignment of error, complaining of the action of the court in admitting in evidence, over defendant's objection, plaintiff's testimony to the effect that he had not received, prior to the fire, any notice from appellant's agent that he had canceled the policy, nor any notice as to said agent's construction of the letter until after the fire, for the reason that no duty devolved upon the company to give notice of the cancellation of said policy, nor the construction it had placed upon the letter; and to admit evidence showing appellant's failure in this respect, we think, was prejudicial to the rights of appellant, as it may have improperly influenced the jury against it.

[4] While some of the charges complained of in the remaining assignments may be subject to the objection that they are upon the weight of evidence, still, as this will not likely recur upon another trial, we are not inclined to sustain the objections made, but merely suggest that the charge, upon another trial, be so framed as to be free from this objection. The suit as brought was to reform the policy as issued. If appellee had kept the policy and not returned the same, this, under the authorities cited by him, would have been the proper course; but we are inclined to believe that the action, if any he has, should be brought upon the verbal contract claimed to have been made between him and the insurance company, under the authority of Orient Insurance Co. v. Wingfield, 49 Tex. Civ. App. 202, 108 S. W. 788, wherein it was held that an action may be maintained on a contract to renew a fire insurance policy where no renewal policy in fact issued. So that in the present case, if the policy issued was not in accordance with the contract of the parties, and was not accepted by the insured, but was returned by him and afterwards canceled by the company, it was not the subject of reformation; and therefore the action should be brought, if at all, upon the verbal contract originally made between the parties, if any. But this defect is hardly material here, since plaintiff's petition sets up all the facts relied upon, and asks judgment in his behalf thereon.

For the errors indicated, the judgment of the court below is reversed, and the cause remanded for another trial.

Reversed and remanded.