FREEAR–BRIN FURNITURE CO. v. MERRITT.   (No. 8092.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 13, 1915.)

1. TROVER AND CONVERSION ☜4—ACTS CONSTITUTING.

Where plaintiff, who had purchased furniture on time, giving a chattel mortgage on it to the seller to secure the price, moved away after renting his house, containing such furniture, to a third person, and where the seller of the furniture entered into an agreement with the plaintiff's tenant that by paying what was due on the furniture such tenant might have the use of it, but must surrender it to plaintiff on his return, the goods actually being surrendered to the plaintiff on his return, the plaintiff had no right of action as for conversion against the seller of the furniture.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 25–37; Dec. Dig. ☜4.]

2. TROVER AND CONVERSION ☜4—RIGHT OF ACTION—DAMAGE.

Where plaintiff bought furniture of defendant on time, giving a chattel mortgage on the goods to secure their price, and, having let the house containing such furniture to a third per-

son, left the state, and where plaintiff's tenant refused to pay rent as for a furnished house because defendant furniture company, after plaintiff's departure, notified the tenant of the state of affairs and entered into an agreement with him that he might use the furniture by paying what was due on it, subject to the plaintiff's ultimate right to reclaim, the damage suffered by the plaintiff through his tenant's failure to pay rent as for a furnished house gave no foundation for a right of action by way of conversion against defendant.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 25–37; Dec. Dig. ☞4.]

3. DAMAGES ☞87 — EXEMPLARY DAMAGE — TROVER.

In an action of trover and conversion, the plaintiff could not recover exemplary damages, where he failed to establish his right to recover actual damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 188–192; Dec. Dig. ☞87.]

4. TROVER AND CONVERSION ☞40—DAMAGES —SUFFICIENCY OF EVIDENCE.

Evidence *held* insufficient to show that plaintiff sustained actual pecuniary damage because of loss of rent as for a furnished house, refused to be paid by a tenant because the furniture therein had not been paid for by plaintiff.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 232–244; Dec. Dig. ☞40.]

5. APPEAL AND ERROR ☞1175—DETERMINATION OF CAUSE — REVERSAL — DIRECTING JUDGMENT.

Where it fully appears from the testimony developed below that the plaintiff has not made out a cause of action, the case will not be remanded, but judgment for the plaintiff will be reversed and rendered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573–4587; Dec. Dig. ☞1175.]

Appeal from Wichita County Court; C. B. Felder, Judge.

Action by C. F. Merritt against the Freear-Brin Furniture Company. Judgment for plaintiff, and defendant appeals. Reversed in part, affirmed in part, and rendered in part.

W. Lindsay Bibb, of Wichita Falls, for appellant. John C. Kay, of Wichita Falls, for appellee.

BUCK, J. This suit was filed in the county court of Wichita county, and tried by the court without a jury, and from a judgment in favor of appellee for $6 actual damages and $100 exemplary damages, and in favor of appellant against appellee for $56.60 and foreclosure of the lien retained in the chattel mortgage executed by appellee, this appeal was taken.

Appellee, plaintiff in the court below, alleged in his petition that he was a married man, and had bought certain furniture from the defendant company, upon which he executed a chattel mortgage to secure the unpaid purchase money; that while he was away in Oklahoma defendant entered into possession of the furniture and sold it to one Whitener, making, as he alleges, a conversion thereof. He further alleges that there was some $38 worth of furniture sold to Whitener which was not covered by the mortgage, although bought from the defendant company and not paid for by plaintiff, and that these items were also sold by defendant, and that this was done without probable legal cause and with intent to harass and humiliate plaintiff, etc., that plaintiff ought to have had notice that his goods were thus sacrificed, and that he was caused humiliation and disgrace. He alleged actual damages in the sum of $479.50, consisting of a claim for $15 a day for 15 days' absence from business while attending to the recovery of his furniture; for railroad fare from Oklahoma and return, $7; expenses, 7 days, $17.50; and a loss of $25 per month for 2 months on rental; and in his petition he alleged damages for "humiliation and mental anguish" in the sum of $300, and further claimed exemplary damages in the sum of $300.

The court, in his findings of fact, finds that appellee had bought articles of furniture from defendant company on May 9, 1913, amounting to $125.60, and gave a chattel mortgage on same, and soon after purchased other articles of furniture on open account, amounting to $38.85, making a total purchase of $164.45; that appellee agreed to pay the first above mentioned amount in monthly installments of $25, and that at the time of the alleged conversion he had paid the defendant company the sum of $100, and subsequent thereto had paid $10 on said indebtedness; that said payments were not in accordance with the terms of said mortgage as to the amount of installments and the time of payments. Thus far, at least, we adopt the court's findings.

[1] It seems that on about November 12, 1913, appellant, having learned that appellee had left town and had rented out his house, in which was the furniture upon which it had retained a lien, sent to said house one of its employés, who inquired of Mr. Whitener as to where Mr. Merritt had gone, etc., and that Mr. Whitener reported that he (Merritt) had left the state and that he (Whitener) did not know where he was, nor when he was coming back. Whereupon Mr. Freear, of the defendant company, prepared a memorandum list showing the articles that had been purchased by Mr. Merritt from the defendant company and the balance that was due for these articles, and gave the same to Mr. Whitener, with the understanding with Mr. Whitener that, if Mr. Merritt did not pay the balance due the company, Mr. Whitener might retain possession of the articles in the house and pay the defendant company just what was due it from Mr. Merritt, but that, if Mr. Merritt came back and wanted his furniture, he (Whitener) would surrender it to him. It appears that no one else was present, during this conversation between

Mr. Freear and Mr. Whitener, except the parties thereto, and they testify substantially the same as to said conversation and the terms of said agreement. Upon Mr. Merritt's return from Oklahoma, Whitener surrendered the furniture, including the articles upon which there was no mortgage lien retained, and shortly thereafter moved out of the Merritt house. Whitener had never paid defendant company anything on the indebtedness owing, and made no claim against Merritt as to the furniture.

Testimony as to what occurred between Freear, representing the defendant company, and Whitener, is uncontroverted, unless it be held that a letter written by the defendant company to Mr. Merritt, which resulted in his return to Wichita Falls, to the effect that, the company having learned that he had left the town without informing it thereof and had subrented the house, or at least disposed of it in some way, it understood that he was gone for good, and as the payments were behind, and it did not know what Merritt wanted done, it had taken possession of the goods and resold them, be deemed in conflict with the testimony of these two witnesses. But, be that as it may, appellee would not be entitled to damages for an alleged conversion when he, upon his return to Wichita Falls, had demanded and received from Whitener the possession of the goods alleged to have been converted by the defendant company, and the reinstatement in possession of the goods by Merritt had been acquiesced in by the defendant company, and a tentative agreement entered into between appellee and appellant for a discharge of the indebtedness due the latter by the former. Bank v. Jones & Nixon, 139 S. W. 671. In its judgment the court evidently did not allow a recovery for a loss of any goods. The evidence would not have supported such a judgment, and the amount of damages allowed excludes the idea that it was based upon any such theory. The only basis for the amount of $6 allowed as actual damages that we have been able to find in the record is the testimony of Mr. Whitener to the effect that he owed a balance on his rent of perhaps $6 for several days he occupied the premises after the expiration of the rental month, and he states that he did not decline to pay this amount because he claimed to own the furniture, or any part thereof, but because Merritt had brought suit against him for forcible entry and detainer and forced him out of the house.

[2-5] Plaintiff pleaded that his tenant, Mr. Whitener, had rented his house furnished at the agreed price of $60 a month, but that he refused to pay him more than $35 per month, on the ground that he, the tenant, having purchased the furniture, was relieved from the additional rental. Upon this point the plaintiff testified that said tenant had refused to pay the amount of rent which he had agreed to, upon the ground that, as he claimed, plaintiff did not own all the furniture, but that Whitener had bought the furniture from defendant, and therefore ought not to pay as much rent during the time he held possession of plaintiff's house on account of Whitener's claim of ownership to a part of the furniture in the house, and that he lacked $50 of paying plaintiff the amount of the rent which, under the alleged contract, he should have paid. The plaintiff could not recover of the defendant because of the failure of the former's tenant to pay him any money due as rent under the contract between the two, and evidently the court did not predicate his judgment, allowing actual damages to plaintiff in the sum of $6, upon any such theory. In fact, we are unable to discover from the record any sufficient basis for this item of recovery, and we do not believe that the plaintiff in the trial court has established his right to recover any actual damages, in the absence of which he could not recover exemplary damages.

Therefore, without considering the assignments seriatim, we will sustain the fourth assignment, to the effect that there was no pleading or proof whatever to justify the finding of fact by the court that plaintiff had ever sustained any actual damages in the sum of $6, or in any amount, because of the loss of rent; and the judgment of the trial court in favor of appellee and against appellant must be reversed, and since it appears that the testimony was fully developed in the former trial, no good could be accomplished by remanding the cause for another trial. Therefore the judgment of the trial court, awarding damages, both actual and exemplary, in favor of appellee against appellant, is reversed and rendered, and that part of the judgment awarding appellant recovery in the sum of $56.60 and a foreclosure of his chattel mortgage lien is affirmed.

Reversed and rendered in part; affirmed in part.