## LEONARD S. LANGLEY, ADMINISTRATOR, v. J. M. HARRIS, ADMINISTRATOR.

A petition in the County Court, filed under Article 1195, Hart. Dig., to require an administrator to make an exhibit of the condition of the estate, need not state more specifically the character of the indebtedness, than such facts, which, if true, show that the complainant is "a person interested in the estate."

To require greater certainty, would introduce into the County Court, in the settlement of estates, regular pleading, as in the District Court, which never was intended to be done.

A provision in a will, exempting the executor from taking the oath, or giving the bond required by law, and that the County Court shall exercise no other control over the estate, than probating the will, and inventorying the property, is a personal trust, confided by the testator to the executor; and the statute which gives the right to insert such a provision in a will, contemplates an acceptance of the trust by the executors.

Such special trust cannot be transferred by the trustee, nor delegated to another by the County Court; and where the executor fails to accept and qualify

Langley v. Harris.

under the will, and the court appoints an administrator, with the will annexed, then the case contemplated in this clause of the will, respecting the jurisdiction of the County Court, has failed, and the clause is as inoperative as if it had been entirely omitted.

APPEAL from Anderson.   Tried below before the Hon. Reuben A. Reeves.

This suit was begun in the County Court, by the appellant, as administrator of the estate of W. B. Langley, deceased, against the appellee, as administrator, with the will annexed, of John Duval, deceased, by a petition, filed by the former against the latter, praying that he might be cited to make an exhibit, under oath, to the said court, setting forth fully in connexion with his former exhibits, the condition of the estate which he represented.

The petition alleged, that the complainant was interested in the estate of the said Duval, deceased, and that, as he was informed and believed, the administrator thereof had funds in hand sufficient to pay the claim of the petitioner.   The claim was not otherwise described, nor the complainant's interest in the estate otherwise shown, than as stated in the opinion.

Harris, the administrator, filed in the County Court, his answer, which consisted of a formal demurrer to the petition, and set forth, as grounds thereof, "that the petition did not show how the plaintiff was interested in the estate of said Duval, nor how he became a creditor of the same; that the petition assumed that there was no difference between an ordinary administration without a will, and an administration with the will annexed, containing the provisions of the 110th section of an act entitled 'An Act to regulate proceedings in the County Court, pertaining to estates of deceased persons,' passed March 20, 1848. (Hart. Dig., Art. 1219.)   That the petition invoked the jurisdiction of the court, over a subject-matter of which it had no jurisdiction."   And further answering, he alleged, that John Duval, deceased, departed this life in the month of November, 1855, leaving a will, by the provisions of which his sons, Benjamin T., William J. W., and John R. Duval, were appointed executors thereof; that one of its provisions was, that no other action should be had in the County Court

of Anderson, or any other county of Texas, in relation to the settlement of his estate, than the probate and registration of his will, and a return of an inventory of his estate. That the executors failed to have the same probated within the time prescribed by law, and the defendant was appointed and qualified administrator, with the will annexed; and, as such, had been administering the estate in accordance with the provisions of the said will; settling and discharging debts against the estate, as fast as assets came to hand; superintending, generally, the estate, in the same manner, and to the same extent as the original executors were authorised under the will, to do, without obtaining any orders from the County Court to that effect, or without holding himself in any way accountable to the County Court, for his acts as administrator with the will annexed.

The will, containing the clause before referred to, and the appointment of the three sons named as executors, with the authentication and record thereof, was set out in the transcript.

At the August Term of the County Court, 1858, on hearing of the petition, and the exceptions and answer, the exceptions were overruled, and the defendant, Harris, was required, by the order of the court, to make a full and complete exhibit of the condition of the estate of John Duval, deceased, and to show cause, if any he could, why the claim of the petitioner should not be paid.

The defendant, Harris, appealed to the District Court, from this order; and, the cause coming on to be heard in that court, upon the same exceptions and demurrer of the defendant to the petition of Langley, the complainant, they were sustained, and the judgment of the County Court was reversed and set aside. The plaintiff declining to amend his petition, the same was thereupon dismissed, and he appealed to the Supreme Court.

*T. J. Word*, for the appellant.—The errors assigned are: 1st. That the court erred in reversing the orders and decrees of the Probate Court. 2d. That the court erred in dismissing the cause.

This whole case depends on these considerations: 1st. Does an

administrator, with the will annexed, occupy the same position as the executors named in the will? and, is he exempt from all accountability to the Probate Court, in the same manner as the executors are, by the provisions of the will? 2d. Have creditors of the estate, in the hands of the administrator with the will annexed, the right, under the law, to cite the administrator with the will annexed, and require him to make an exhibit, and pay their demands; or, must they cause all the persons entitled under the will, to be cited, and execute a bond for the payment of the debts?

And while the case seems clear to us, we are constrained to say, we can conceive of no case involving more serious consequences. A testator may, under the law, exempt his executors from security, and from all accountability to the courts of the country. But when the executors thus appointed, thus exempted, fail to take upon themselves the trust confided to them, and the court appoints an administrator with the will annexed, he has not the confidence of the testator; he is not the person to whom the testator confided his property, and the execution of his will. He derives his authority from the court. In paying out legacies, he obeys the directions of the will, but his authority, or right to obey the will, is not derived from the *will*, but from the *court;* and he must account to the *court.* "Although an executor may perform many acts before he proves, yet a party can do nothing as administrator, till letters of administration are issued, because the former derives his authority from the will, and not from the probate; the latter owes his authority to the *appointment of the ordinary.*" (Toller on Executors, book 1, ch. 3, § 3, p. 95.) And again: "An administrator is merely the officer of the ordinary, prescribed to him by act of parliament, *in whom* the deceased had reposed no trust." (Id. 114.) Now it is respectfully submitted, that our law has made no material change in the authority above cited. The only enactment in regard to *administrators* with the will annexed, (except in cases of minority of executors, &c.,) is to be found in Art. 1128, Hartley's Digest, and that relates to the *oath.* And although

that article requires the administrator to take an oath, that he *will execute the will,* it can only mean, that he will execute the will, *under the direction of the court,* from which he derives his authority, by observing the provisions of the will, as to the legacies, &c.; but still he must account to the court.

If we are right in this conclusion, then the appellant pursued the proper course,—that pointed out in Hart. Dig., Art. 1195. He cited the administrator to appear, and render an account. And this is, in fact, *the whole case.* The appellee insists, that he is *above* the court that appointed him; that he is not accountable to the court, or to the creditors; that the creditors must cite the heirs and persons interested in the estate, and have their bond. If this be the law of the land, it is time it should be so pronounced by this court; for, until it is so pronounced, we must be permitted to believe, that orphans and widows have not been thus left to the tender mercies of persons, from whom no account *can be required.*

ROBERTS, J.—The record shows that this case was decided in the District Court, upon the exceptions to the petition. The first objection to the petition is, that the petition does not state the manner in which Langley is interested. This application was filed under Article 1195 of Hartley's Digest, which provides, "that at the third regular term of the court, after the expiration of twelve months from the original grant of letters testamentary or of administration, or at any term of the court after that, any person interested in the estate, may, by complaint in writing, filed in the County Court, cause the executor or administrator to be cited to appear at a regular term of the court, and make an exhibit," &c.

This complaint states, that he, Langley, " is interested in the estate of John Duval, deceased; that said estate is indebted to him in a large amount, on a claim duly and regularly proven and allowed by the administrator, James M. Harris, and approved by the chief justice of said Anderson county." It is not to be expected of a creditor, in making this complaint, to be

more specific than this, in showing his interest. The exact character of the indebtedness, whether a note, judgment, or account, is not material; nor is the exact amount of it material. It is sufficient to state facts which, if true, show that he is " a person interested in the estate." To require any greater certainty, would introduce into the County Court, in the settlement of estates, regular pleading, as in the District Court, which, we think, never was intended to be done.

Another objection to the complaint is, that the administrator with the will annexed, was not amenable to the orders or direction of the County Court, as the will of John Duval, under which he was acting, contained a clause, that his executors should not be required to give bond, and that the Probate Court of Anderson or any other county in Texas, shall exercise no other or further control or jurisdiction whatever, over his will or estate, except the probating and registering of the will, and receiving an inventory of his estate. This did not appear in the complaint excepted to, but it was a fact that the County Court could take notice of, being contained in the will, which was of record in that court, for the execution of which Harris had been appointed administrator, with the will annexed. By the same will it appeared, that the three sons of the testator had been named as executors. And it must also have appeared of record, that Harris had been appointed, because they did not act as executors. The section of the statute which gives the testator the right to insert such a provision in his will, contemplates that the executor named will accept the trust confided to him. It is a special trust, which cannot be transferred to another by the trustee, nor delegated to another by the County Court. It confides in the discretion and integrity of a particular person; and if that person should fail to accept, and exercise the trust, it is at an end ; and, as in any other case, where there is a will, without an executor, the County Court must appoint an administrator, with the will annexed. (Hart. Dig., Art. 1118, 1127 ; see also, 1219.)

An executor is as much liable as an administrator, to be called

37

upon by a creditor, to make an exhibit of the estate. (Hart. Dig., Art. 1195.) When the executor named in the will, fails or refuses to accept the trust, then the state of case contemplated in this clause of the will, respecting the jurisdiction of the County Court, has failed, and the clause is inoperative, the same as if it had been omitted. (Id. 1219.)

These are the objections to the complaint, which are pointed out in the exceptions. Had there been any others; as that a sufficient time had not elapsed since the grant of letters, it is to be presumed, that they would also have been pointed out; and the County Court could have determined as to their correctness, by matters of record, in relation to the estate, or upon proof otherwise, as to the disputed matter.

The judgment in the District Court shows, that the decree of the County Court was reversed, solely upon the exceptions to the complaint, and not upon any new issue or additional fact developed in the District Court; and therefore, the question now presented for the consideration of this court is, was the complaint sufficient as it stood, for adjudication in the County Court. We have already indicated an opinion, that, as to the exceptions taken, the complaint was sufficient. Had it appeared, that the case was submitted to the District Court, upon its entire merits. then we might have presumed, in the absence of a statement of facts, that something was shown there which authorised the reversal. Judgment of the District Court reversed, and the cause remanded.

Reversed and remanded.