### THE CITY OF HOUSTON v. THOMAS EMERY'S SONS.
#### No. 2871.

1. **Citation Against a Municipal Corporation.**—If the citation had only commanded the corporation to be summoned by service upon the mayor, this would have been sufficient; and the fact that it commanded the corporation and also the named mayor and aldermen to be summoned did not vitiate the citation. Such would be proper where it was sought to compel the municipal officers to do some official act, as with such service, on refusal, no question would arise upon their liability for contempt.

2. **Service of Citation.**—The sheriff has performed his duty when he delivers a copy of the citation to the person named therein, and states that fact in his return.

3. **Practice Commended — Joinder of Causes of Action.** — It was proper to entertain a proceeding for the purpose of reviving former judgments between same parties, and at same time to enforce payment through mandamus.

4. **Prayer for Relief.**—The petition containing sufficient allegations to sustain an action of debt upon several dormant judgments—the prayer being that "the judgments be revived by scire facias, if necessary, and that they have all the relief necessary to make valid said judgments"—the court rendered judgment for the principal and accrued interest to its date. *Held,* that in absence of prayer for general relief the court could only grant the relief requested.

ERROR from Harris. Tried below before Hon. James Masterson.

The opinion states the case.

*H. F. Ring,* for plaintiff in error. — 1. The court erred in rendering judgment by default, for the following reasons, to-wit:

(1) Because the original petition named the mayor, aldermen, and inhabitants of the city of Houston only as defendants, while the citation directs the sheriff to summon twelve other persons not named in the petition as defendants, and because the citation does not show who the de-

fendants are in the suit.    Burleson v. Henderson, 4 Texas, 49; Norvell
v. Garthwaite, 25 Texas, 583; Heath v. Fraley, 50 Texas, 209; Rev. Stats.,
art. 1215.

(2) Because it does not appear that the citation was served upon the
"mayor, aldermen, and inhabitants of the city of Houston." The return
of the citation must show affirmatively that it has been served on the de-
fendants in order to authorize judgment by default. Presumptions will
not be indulged to help out a defective return. Hart v. Clifton, 19 Texas,
56; Underhill v. Lockett, 20 Texas, 130; Graves v. Robertson, 22 Texas,
130; Willie v. Thomas, 22 Texas, 175; Railway v. Ware, 74 Texas, 47; 28
Texas, 555; 29 Texas, 412; 30 Texas, 77; 33 Texas, 661; 46 Texas, 212.

2.    The court erred in rendering judgment for the plaintiffs, because a
judgment of any description whatever was unauthorized by the pleadings.
The judgment must be authorized by the prayer of the petition. Graves
v. Farquhar, 20 Texas, 455; Miller v. Rogers, 49 Texas, 398; Bridges v.
Samuelson, 73 Texas, 522.

3.    The court erred in rendering judgment for the plaintiffs, because
the pleadings show a fatal misjoinder of two separate and distinct causes
of action. The proceeding by scire facias to revive a judgment is a
continuation of the original suit. Hopkins v. Howard, 12 Texas, 7;
Schmidtke v. Miller, 71 Texas, 103.

4.    The two remedies provided by the statutes for the revival of dor-
mant judgments are essentially different. A judgment which would be
proper upon an action of debt upon a judgment is erroneous upon a pro-
ceeding by scire facias to revive. The plaintiffs having elected to pursue
the latter remedy, it was error to render any other than a simple judg-
ment of revival, with the relief prayed for. Camp v. Gainer, 8 Texas,
372; Bridges v. Samuelson, 73 Texas, 522; Taylor v. Harris, 21 Texas, 438;
Tindall v. Carson, 1 Harr., 94; Murray v. Baker, 5 B. Mon., 172; Bul-
lock v. Ballew, 9 Texas, 500.

F. F. Chew, for defendants in error. — 1. A citation to a defendant
municipal corporation is not defective by reason of the fact that it em-
braces the names of certain of its officers not necessary to be summoned.
Rev. Stats., arts. 1215, 1222.

2. In a suit against an incorporated city the citation may be served on
the mayor thereof, and the sheriff's return showing service on him is suffi-
cient. Rev. Stats., arts. 1222, 1225; Railway v. Shepherd, 21 Texas, 274.

STAYTON, CHIEF JUSTICE.—Defendants in error having recovered
two judgments against plaintiff in error, a municipal corporation, brought
this action to compel the city, through its officers, to satisfy them.

These judgments were alleged to have been obtained on coupons for
interest on bonds issued by the city. The petition, after setting out the

rendition of the judgments and showing as an exhibit the authority un-
der which the bonds were issued, alleges that the judgments are still un-
satisfied, and that by the terms of its charter the property of the defend-
ants is not subject to execution.

Plaintiffs further allege that through the default of the officers and
agents of the defendant corporation, a large amount of back taxes levied
by the corporation for previous years remains uncollected, and pray that
a writ of mandamus issue to the corporation commanding it forthwith
to collect the uncollected taxes and pay the judgments with interest
and costs, and that if the amount of taxes collected shall not be sufficient
to pay the judgments, then the corporation be required to levy and col-
lect a special tax sufficient to make such payment in full.

Plaintiffs further pray that as no executions appear of record to have
been issued upon the judgments since their rendition, same be revived
by writ of scire facias if necessary, and that they have all relief necessary
to make valid said judgments. The petitition was duly endorsed by the
judge, ordering the defendants to show cause at the next term of court
why the writ of mandamus should not be granted as prayed for.

The petition gave the names of the mayor and aldermen, and citation
issued which commanded the corporation, the mayor, and each of the
aldermen, whose names were given in the citation as in the petition, to
be summoned to appear at the next term of the court, "then and there
to answer the petition of Thomas Emery's Sons, a firm composed of John
J. Emery and Thomas J. Emery, plaintiffs, filed in this court September
19, 1888, and is No. 13,005 on the docket of said court, exhibited against
said mayor, aldermen, etc., wherein plaintiffs sue and pray," etc.

The return was: "Received this writ 22d day of September, 1888, at
10 o'clock a. m., and executed September 25, 1888, by delivering to D. C.
Smith, mayor of the city of Houston; M. C. Howe, J. F. Meyer, B. A.
Riesner, H. Koch, H. Hamilton, G. Underwood, J. Kennedy, H. Freund,
J. H. Pruitt, and J. T. Brown, aldermen, the within named defendants,
each in person, a true copy of this writ.

"GEORGE ELLIS, Sheriff Harris County.

"By A. R. ANDERSON, Deputy."

There was no appearance for the corporation, and judgment was ren-
dered as in action of debt, the mandate going to the corporation, "its
officers, agents, and common council."

It is urged that the citation and return are insufficient to authorize a
judgment by default.

The petition names the "mayor, aldermen, and inhabitants of the city
of Houston" as the defendants, and alleges that "the business of said cor-
poration is managed by a mayor and a board of aldermen, who have charge
of and control its financial affairs, cause its taxes to be collected, and whose

duty it is to provide for the payment of all judgments against it." It then states who were mayor and aldermen.

If the citation had only commanded the corporation to be summoned by service on the mayor, this would have been sufficient; and the fact that it commanded the corporation and also the named mayor and aldermen to be summoned did not vitiate it.

Such citation would seem proper in all cases in which the officers of a municipal corporation are sought to be required to do some official act; for then, on failure to comply with the command, no question could arise as to their liability for contempt.  .   ·

The return shows that the citation was served on "D. C. Smith, mayor of the city of Houston," as well as on the several aldermen.   The delivery of copy of citation to the person alleged to be the mayor of the municipal corporation known as the "mayor, aldermen, and inhabitants of the city of Houston," the writ commanding that corporation to be summoned, was sufficient service, although the return did not declare that D. C. Smith was the mayor of the corporation so styled, but did declare that he was "mayor of the city of Houston."

The petition informs the clerk to whom the citation should be issued, and the citation gives like information to the sheriff, who performs his duty when he delivers a copy of the citation to the person named and states that fact in his return.

It is claimed that it was not proper to entertain a proceeding for the purpose of reviving former judgments and at the same time enforcing payment through mandamus; that this was fatal misjoinder.   This was practice to be commended, and a resort to two actions would have been as improper as unnecessary.

The writ which issues in mandamus is but process to compel the payment of the judgment.   Voorhees v. Mayor, 70 Texas, 333.

The statute provides that "a judgment in any court of record within this State, where execution has not issued within twelve months after the rendition of the judgment, may be revived by scire facias or an action of debt brought thereon within ten years after the date of such judgment, and not after."   Rev. Stats., art 3210.

The petition in this case alleged all the facts necessary in an action of debt on judgments; but there was no specific prayer for such judgment as it would be proper to render in such a cause—the prayer being that the judgments "be revived by scire facias, if necessary, and that they have all the relief necessary to make valid said judgments."   The court entered judgment for sum equal to principal, interest, and costs due on both judgments, and this is assigned as error.

There is no general prayer for relief; and while the facts pleaded were such as would entitle appellants to the judgment rendered, yet under the express terms of the statute requiring a plaintiff "to state the nature of

the relief which he requests of the court," we are of the opinion that the court should not have entered the judgment found in the record.

As said in Hogan v. Kellum, 13 Texas, 399, "though mere matter of form is not regarded, yet, when the plaintiff by the prayer of the petition asks a particular recovery or special relief, which is consistent with the case stated, and there is no prayer for general relief, the special prayer must be regarded as evidencing the nature and object of the suit, and in this respect as giving character to it; and the plaintiff will not in general be entitled to a different relief from that which he asked, for the presumption is that the plaintiff best knows the nature of his case and the injury he has sustained." Denison v. League, 16 Texas, 399; Hipp v. Huchett, 4 Texas, 20; Mann v. Falcon, 25 Texas, 271; Edgar v. Galveston, 21 Texas, 302.

For the error in entering judgment as in an action of debt would have been proper, it will be reversed, with instructions to the court below to enter judgment reviving the judgments described in the petition, and in all other respects to grant the specific relief prayed for as was done in the judgment now before us.

It is so ordered.

*Reversed and remanded.*

Delivered February 25, 1890.