JORDAN et al. v. MASSEY.

(Court of Civil Appeals of Texas. Jan. 26, 1911. Rehearing Denied March 2, 1911.)

1. COURTS (§ 163*)—JURISDICTION—JURISDICTION OF COUNTY COURT.

Notes presented to an administratrix for allowance having been rejected by her, an action was brought in the county court, and the petition alleged, after the usual allegations employed in suits on notes, that they were given for the purchase money of certain land, that a lien was reserved in the deed for the payment of the notes, and that the vendor's lien remained in full force and effect, and the prayer for relief was that plaintiff have judgment establishing his debt against the estate of deceased, and for general relief. Held, that the action was within the jurisdiction of the county court.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 163.*]

2. JUDGMENT (§ 252*)—PLEADING.

Under a prayer for general relief, plaintiff may recover whatever the facts alleged and proved will justify.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 441, 442; Dec. Dig. § 252.*]

3. PLEADING (§ 72*)—PRAYER FOR GENERAL RELIEF.

A prayer for general relief is a demand for such relief as the tribunal under the facts alleged has the power to grant, and will not be considered as asking the court to transcend its power, unless it clearly appears from the language used.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 143, 144; Dec. Dig. § 72.*]

4. PLEADING (§ 72*) — PRAYER FOR GENERAL RELIEF.

Under Sayles' Ann. Civ. St. 1897, art. 1191, requiring a petition to state the nature of the relief requested, a prayer for relief is an essential part of plaintiff's petition and determines the character of the order or decree which the court is called upon to render.

[Ed. Note.—For other cases, see, Pleading, Cent. Dig. §§ 143, 144; Dec. Dig. § 72.*]

5. ACTION (§ 53*)—SPLITTING CAUSE OF ACTION.

The right to recover a personal judgment for a debt secured by a lien on real estate and the right to have a foreclosure of the lien are severable, and may be made the subject-matter of two distinct causes of action.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 549–623; Dec. Dig. § 53.*]

6. WITNESSES (§ 159*) — TRANSACTIONS WITH DECEASED PERSON.

In an action against an administratrix on notes given by her intestate, it was error to permit plaintiff to testify that he did not owe a note which was pleaded in offset but had paid it, the testimony concerning a transaction with a decedent.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 666–669; Dec. Dig. § 159.*]

7. TRIAL (§ 121*) — CONDUCT OF COUNSEL—EXAMINATION OF WITNESSES.

In an action on notes, wherein a note was pleaded in off-set, there was a question whether the testimony of plaintiff concerning the payment of the note urged as an off-set was the same as on a former trial in which the jury had failed to agree, and counsel for plaintiff asked several witnesses, who had acted as jurors on the former trial; if the jury had not stood five to one in favor of plaintiff on the issue of payment of the note in question. Held, that such action of the attorney was reversible error, even though the court sustained objections to the questions and affirmative answers.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 294–300; Dec. Dig. § 121.*]

Appeal from Cooke County Court; C. R. Pearman, Judge.

Action by E. M. Massey against Mrs. Millie C. Jordan individually and as administratrix of the estate of J. N. Massey, deceased, and others. From a judgment in favor of plaintiff, defendants appeal. Reversed on rehearing.

Robt. E. Cofer, for appellants. Stuart & Bell, for appellee.

HODGES, J. The appellee was the owner and holder of two promissory notes for $200 each, executed by J. N. Massey and wife in April, 1905, as part of the purchase price of a tract of land deeded by appellee to J. N. Massey. J. N. Massey died after having paid only $100 on the notes. This was entered and allowed as a credit on one of them. On the 10th day of August, 1907, the appellant, who was the surviving wife of J. N. Massey, was appointed administratrix of his estate. She subsequently married M. G. Jordan, who is joined with her pro forma in this suit. In due course of time the notes were presented to the administratrix for allowance as a claim against the estate, and upon being rejected by her this suit was instituted in the county court of Cooke county. From a judgment in favor of the appellee establishing his claim this appeal is prosecuted by the administratrix.

The objection first urged against the judgment raises the question of the jurisdiction of the trial court over the subject-matter of this suit. In support of that contention it is insisted that this is an action to enforce a lien on real estate, of which the district court alone can take cognizance. The force of that objection can best be tested by examining the plaintiff's original petition for the purpose of ascertaining the cause of action there stated. After the allegations usually employed in suits on promissory notes, it says: "Plaintiff further represents that said notes were signed by J. N. Massey and M. C. Massey, then his wife, but now the wife of M. G. Jordan; were given as part of the purchase money for the following described tract of land situated in Cooke county: [The description is omitted.] That said property was theretofore, to wit, on the 26th day of April, 1905, conveyed by this plaintiff to John N. Massey by a deed in writing of that date, in consideration, among other things, of the two notes herein described; and in said deed a lien was reserved on the land to secure the payment of said notes. That each of said notes is due and unpaid." In another portion it contains these averments: "That said John N. Massey did not pay the said sum of money due plaintiff, or any part

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

thereof, during his lifetime, except the sum of $100, and the balance thereof still remains due and unpaid; and that said vendor's lien now remains in full force and effect, and is a valid and subsisting lien against said land." It then closes with the following 'prayer·for relief: "The premises considered, plaintiff prays the court for the citation of the defendant herein to answer this petition,· and after a final hearing plaintiff have judgment establishing his debt as his legal and subsisting claim and indebtedness against the estate of John N. Massey, deceased,· and all costs to be taxed and said claim be classified by the court for payment as the law directs. He prays further for all other orders and decrees herein as may be required by law, and for general relief in the premises." The notes referred to were attached as exhibits and made a part of the petition. They show upon their face that they were given for the purchase of land, and the retention of the vendor's lien. Appellants pleaded a general demurrer, a general denial, that the claim was barred by the lapse of more than 90 days between the time of·its presentation to the administratrix and the institution of this suit, payment of the notes, and further insisted upon an offset amounting to $300 evidenced by a certain promissory note executed by the appellee and delivered to J. N. Massey during his lifetime.

As decisive of the question of jurisdiction both parties referred to the following authorities: Jenkins v. Cain (Sup.) 12 S. W. 1114; Investment Co.·v. Jackman, 77 ·Tex. 622, 14 S. W. 305; George v. Ryon, 94 Tex. 317, 60 S. W. 427. In the case last cited the decision was in answer to certified questions. That suit was one instituted against an administratrix by a creditor upon a rejected claim. The facts show that the claim amounted to a sum within the jurisdiction of the district court, and that it was secured by a deed of trust upon 179 acres of land. Upon its rejection by the administratrix the creditor instituted suit in the district court for the establishment of the claim as a money demand against the estate. The administratrix answered, denying the validity of the claim, and averring that the land upon which the deed of trust had been given was the homestead of herself and deceased husband at the time of its execution, and that the deed of trust was void; and asked affirmatively for a cancellation thereof and removal of the same as a cloud upon her title. The plaintiff demurred to that portion of the answer setting up the invalidity of the deed of trust, alleging that the district court was without jurisdiction to try the question of lien. The demurrer was overruled, and the issue of homestead was submitted to the jury along with that as to the validity of the claim. The questions propounded to the. Supreme Court were: (1) Did the court below err in overruling the demurrer of the plaintiff to the answer of the administratrix that

the land described was the homestead of herself and husband at the time of the execution of the deed of trust, that the deed of trust was void,· and praying for the cancellation thereof? (2) Did the district court have jurisdiction to try the question of the validity of the deed of trust as a lien upon the land in this suit? In the certificate the attention of the court was directed to the cases of Jenkins v. Cain and Investment Co. v. Jackman, above referred to. The Supreme Court held that the district court had jurisdiction to try the question of the validity of· the deed of trust as a lien upon the land and did not err in overruling the demurrer based upon the ground that the trial court was without jurisdiction. Justice Williams in rendering the opinion (George v. Ryon, supra) thus epitomizes the propositions established by the decisions of the Supreme Court upon the questions involved: "(1) That when a claim for money against an estate, secured by lien on land of the estate, has been established by allowance by the administrator, and approval by the probate court, the lien must be enforced through that court, under the law regulating administrations. Cannon v. McDaniel, 46 Tex. 303; Cunningham v. Taylor, 20 Tex. 128. (2) When the 'claim for money has been allowed, and the lien denied by the administrator, suit cannot be maintained in the district court to establish the lien, inasmuch as the action of the administrator cannot affect it, and the claimant still has 'his complete remedy in the probate court for its enforcement. Investment Co. v. Jackman, 77 Tex. 622, 14 S. W. 305. (3) In such cases, however, the claimant may have some legal or equitable right connected with his claim for the adjudication of which the powers of the probate court are inadequate, and for the enforcement of which suit may be maintained in the district court. Cannon v. McDaniel, supra. (4) Where the claim for money has been rejected by the administrator, and the claimant forced to sue for its establishment, he may secure in the district court judgment , not only for the debt, but for the establishment of his lien. Jenkins v. Cain (Sup.) 12 S. W. 1114; Cunningham v. Taylor, supra; Perkins v. Sterne, 23 Tex. 564, 76 Am. Dec. 72."

Looking both to the facts alleged and the prayer for relief, can we say that the existence of the lien set forth in the petition was one of the questions which the court below was called upon to settle? The plaintiff alleged facts which, if true, would authorize a judgment establishing the vendor's lien which his petition described; but did he ask that this be done? Not unless ·it can be said that the prayer for general relief had that effect. His prayer for special relief is confined exclusively to the establishment of the money demand and the classification of his claim. In considering this question upon the original submission of the case, we held that the prayer for general relief was sufficient

to put in issue the existence of the lien as well as the debt. Upon further investigation we have reached the conclusion that in so holding we gave too broad an interpretation to the prayer for general relief, and in that way were led into an erroneous disposition of the case. It is true that under a prayer for general relief the plaintiff may recover whatever the facts alleged and proved will justify. Silberberg v. Pearson, 75 Tex. 290, 12 S. W. 850; Kempner v. Ivory, 29 S. W. 538; Trammell v. Watson, 25 Tex. 216; Garvin v. Hall, 83 Tex. 301, 18 S. W. 731; Zadick v. Schafer, 77 Tex. 504, 14 S. W. 153. This manner of stating the rule is probably misleading when applied to a situation like the present. The scope of the prayer for general relief becomes a matter of construction, and this must be governed by the law as well as the facts pleaded. By this is meant not only the law which governs substantive rights, but the law of procedure as well— that which limits and defines the power and duties of the court. The pleader in such cases in effect says, "Give me such further relief as this tribunal, under the facts alleged, has the power to grant." He will not be considered as asking the court to transcend its power, unless that clearly appears from the language used. Usually doubtful constructions should be resolved in favor of the jurisdiction of the court. Evidently the court below construed appellee's petition as only seeking the establishment of the money demand; that was all that was passed upon in the judgment rendered. That indicated the limited construction which the plaintiff and the court placed upon the petition. 16 Ency. Plead. & Prac. 785. If we are correct in saying that the existence of the lien was not one of the questions which the trial court was called upon to decide, then it follows that it was no part of the subject-matter of the suit and should not be considered in determining whether or not the court had jurisdiction.

The mere fact that the claim for the establishment of which this suit was brought is described as being one secured by a lien upon real estate, does not necessarily have the effect of putting the existence of that lien in issue. The issues are made by the questions which the court must decide in order to grant or refuse the relief which the parties ask for. Facts stated in the petition which do not aid the court in passing upon those questions may be treated as surplusage. Article 1191, Sayles' Ann. Civ. St. 1897, provides that: "The petition shall set forth clearly the names of the parties and their residences, if known, with a full and clear statement of the cause of action and such other allegations pertinent to the cause as the plaintiff may deem necessary to sustain his suit, and without any distinction between suits at law and in equity, and shall also state the nature of the relief which he requests of the court." A prayer for relief is therefore an essential part of the plaintiff's petition, and will determine the character of the order or decree which the court is called upon to render. Hogan v. Kellum, 13 Tex. 399; City of Houston v. Emery, 76 Tex. 282, 13 S. W. 264. It not only serves the purpose of indicating the desire of the petitioner as to some particular adjudication which he wishes the court to make, but of fixing a limit beyond which the court is not authorized to go in making its judicial award. City of Houston v. Emery, 76 Tex. 285, 13 S. W. 264. Therefore, in ascertaining what is the subject-matter in controversy in any given case, we must look, not only to the averments of fact set forth in the pleadings, but to the prayer for relief also. In failing to do this we may not be able to distinguish the facts which are material in forming the subject-matter of the suit, from those which are not.

There is another view which, if correct, might sustain the jurisdiction of the court below. It is now well settled that the right to recover a personal judgment for a debt secured by a lien on real estate and the right to have a foreclosure of that lien are severable, and may be made the subject-matter of two distinct causes of action. McAlpin v. Burnett, 19 Tex. 497; Ball v. Hill, 48 Tex. 641; Kempner v. Comer, 73 Tex. 202, 11 S. W. 194. The one is a legal proceeding, and the other equitable. 1 Pomeroy on Equity Jurisprudence, §§ 112, 171. Some courts have held in cases where the two are embraced in the same suit, and one is within the jurisdiction of the court and the other not, that the court may proceed to judgment over that which is within its jurisdiction and refuse to take cognizance of the other. Starke v. Cotten et al., 115 N. C. 81, 20 S. E. 185; Holden v. Warren, 118 N. C. 326, 24 S. E. 770; Philips v. Sanders, 80 S. W. 567; Gentry v. Bowser, 2 Tex. Civ. App. 388, 21 S. W. 569. We therefore think the court below did not err in assuming jurisdiction of this case.

In other assignments of error appellants complain of the action of the court in permitting the appellee, the plaintiff in the suit, to testify that he did not owe the note which was pleaded in offset, but had paid it. The objection is based upon the ground that it was testifying to a transaction with the decedent. We think the objection is well taken, and the testimony should have been excluded.

It appears that there was some controversy as to whether the testimony of the appellee concerning the payment and cancellation of the note urged as an offset was the same upon the trial from which this appeal is taken, as it was upon a former trial in which the jury had failed to agree. The bill of exception shows that some of the jurors upon the former trial testified as witnesses in the case upon that issue, and that while they were being interrogated counsel for appellee formulated his questions in a manner to bring out the fact that the jury upon that

trial stood 5 in favor of a verdict for the appellee and 1 for the appellant. The bill of exception is as follows: "Be it remembered that upon the trial of this cause, while the witness S. E. Long was testifying, the plaintiff's attorney R. R. Bell asked the witness if he was not one of the jurymen on the former trial and if that jury did not stand 5 to 1 in favor of plaintiff upon the issue that plaintiff had sworn only that he thought he had the $300 note at home; that defendant objected to said question, but the witness answered same before he could be stopped; that the court excluded said answer. That said attorney for plaintiff, R. R. Bell, asked the next witness, Charles Dustan, the same question, if it was not true that the jury on the former trial stood 5 to 1 in favor of plaintiff's statement; that defendant excepted to this, but the witness answered before he could be stopped; that the court sustained the objection as before. That said attorney R. R. Bell for the plaintiff put the same question to the next witness, Pete Klepper, and asked him if it was not true that the jury on the former trial stood five to one in favor of the correctness of plaintiff's statement, and to this defendant objected and excepted, and the court sustained the exception, but after the witness had answered." We think the action of appellee's attorney in repeatedly putting a question in that form disclosed a purpose to get before the jury the opinion of the majority of the jurors upon the former trial; and he succeeded in doing so. The fact that the court sustained the objection did not remove from the minds of the jurors the impression made by the question and the answer. Practice of that sort, we think, should be discouraged, and we know of no better method of doing this than that of reversing judgments which it has probably assisted in obtaining.

The motion for rehearing is granted, and the judgment will be reversed and the cause remanded.