**WHITE et al. v. TEXAS MOTOR CAR & SUPPLY CO. et al.   (No. 185–3223.)**

(Commission of Appeals of Texas, Section A. March 2, 1921.)

**1. Sequestration ⟜12—Affidavit as to fear that defendant would injure property held sufficient.**

The statement in an affidavit for a writ of sequestration that the defendant "will make use of its possession of said property to injure said property" is a substantial and sufficient compliance with the statute requiring the affidavit to state that plaintiff fears the defendant "will injure such property" (Rev. St. 1911, art. 7094, § 4).

**2. Sequestration ⟜12—Petition held sufficient.**

An original petition for the recovery of two automobiles and damages for their retention *held* not a mere petition for damages, but one for the possession of specific property warranting a writ of sequestration, in view of Rev. St. 1911, art. 7094, § 2.

**3. Sequestration ⟜12—Averments of petition and prayer for relief must be considered in determining nature of petition.**

In determining whether plaintiff sued for recovery of personal property, resort must be had to the whole petition, and the averments must be read in connection with the prayer, which must be consistent with the cause of action asserted, and the relief must be authorized by the pleaded facts and cannot be granted unless prayed for, and the specific relief asked is a controlling factor, in the absence of a prayer for general relief.

**4. Sequestration ⟜12—Motion to quash held to amount to general demurrer.**

A motion to quash sequestration proceedings, on the ground that plaintiff did not sue for the recovery of personal property, but for damages for its conversion, is, in effect, a general demurrer to the petition, and the petition should be liberally construed and aided by all reasonable inferences and intendments when hearing the motion.

**5. Sequestration ⟜12—Petition praying general relief held sufficient if special prayer be rejected.**

Under Rev. St. 1911, art. 1827, a petition must make a full and clear statement of the cause of action and other pertinent allegations deemed necessary to sustain the suit and also the nature of the relief demanded, and where there were allegations of ownership and delivery to defendant of automobiles and demand for their possession, accompanied by tender of all storage charges and of special daily damages until return of the property, a demand for the properties was involved, although no specific demand therefor was made, and the writ of sequestration was warranted by the prayer for general relief, if the special prayer be totally rejected.

**6. Sequestration ⟜12—Motion to quash denied where averments warranted recovery and petition prayed general relief.**

While not recognizing common-law forms of action, yet, where personal property is sued for, the legal principles governing the action of detinue must be resorted to and the judgment in such an action, as well as under Rev. St. 1911, art. 2368, is in the alternative for the recovery of the property or its value, and where plaintiff's petition entitled recovery of possession of specific personal property, and there was a prayer for general relief, a motion to quash a writ of sequestration should have been denied.

**7. Corporations ⟜630(6)—No judgment can be rendered against a dissolved corporation.**

Where a corporation has been dissolved, no judgment could be rendered against it.

**8. Corporations ⟜619—Judgment against stockholders and directors as trustees of dissolved corporation for detention of property not authorized.**

If stockholders and directors of dissolved corporation were in constructive possession of property as trustees, and were liable as the corporation would have been but for dissolution, judgment for damages for detention of such property in favor of the owner could not be rendered against them, where they owed nothing on stock subscriptions, and the corporation was wholly insolvent prior to dissolution and no property or assets thereof came into their hands after dissolution; such trustees, under Rev. St. 1911, arts. 1206, 1207, being responsible only to creditors and stockholders, and their liability being limited to the extent of its property coming into their hands.

**9. Corporations ⟜619—Directors of a dissolved corporation held not individually liable to the owner of automobiles for their detention by the corporation.**

Directors of a dissolved corporation are individually liable to the owner of automobiles for their unlawful detention by the corporation where they were nonresidents, knew nothing concerning the automobiles, and never had them in their possession as individuals.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by J. H. White against the Texas Motor Car & Supply Company and others, in which W. A. Saunders filed a petition in intervention. From a judgment the plaintiff and intervener appealed to the Court of Appeals, and from its judgment (203 S. W. 441), affirming in part and reversing in part, they separately bring error. Affirmed in part, and in part reversed and remanded.

G. R. Scott and Boone & Pope, all of Corpus Christi, for plaintiff in error White.

Dawson & Anderson, of Corpus Christi, for plaintiff in error Saunders.

Kleberg & Stayton, of Corpus Christi, for defendants in error.

SONFIELD, P. J.   On January 11, 1913, J. H. White sued Texas Motor Car & Supply

Company, a private corporation. In his original petition he alleged, in substance, that on January 8, 1913, he was the owner of two automobiles, describing same, each of the value of $1,500; that on January 8, 1913, he placed or caused the machines to be placed in the garage of defendant for storage at the legal and customary rate of 50 cents per car per day; that on the 9th day of January, 1913, he demanded possession of the automobiles, which was refused by defendant on the ground that it had unpaid account against certain persons and purposed to hold the machines until the account was paid; that this account was not made, or authorized to be made, by plaintiff, and plaintiff was not liable to pay such account or any part of same; that defendant claimed it had made certain repairs on the cars which at the reasonable and proper valuation did not exceed the total amount of $2. The petition alleged a subsequent demand for possession of the cars, and a tender to defendant of the customary charges for repairs and storage. The tender was declined and defendant refused to deliver the cars. In this petition, plaintiff made tender of such amount as is a reasonable, proper, and customary charge for defendant's services with respect to the cars between the date he stored same and of defendant's refusal to deliver possession. The petition then alleged:

"That by reason of the wrongful and unlawful holding of said property by defendant, and the conversion thereof as aforesaid, plaintiff has sustained damages in the sum of $20 per day on each of said cars, and will continue to sustain damages at the rate of $20 per day on each of said cars until same are delivered to plaintiff, and that by reason of the conversion of the said property, as hereinabove stated, plaintiff sustained damages in the sum of $3,000, the value of said cars."

The prayer was as follows:

"Wherefore, plaintiff prays the court that defendant be cited to appear and answer this petition and for judgment in the sum of $3,000 for the value of said cars and $20 per day on each of said cars from and inclusive of the 9th day of January, A. D. 1913, until the defendant shall deliver the possession of said cars to plaintiff, for interest at the rate of 6 per cent. on the amount so recovered from the date when same became due, and for cost of suit, and for such other and further relief, special and general, in law and equity, that he may be justly entitled to, whether herein specifically prayed for or not."

On the day of the filing of the suit, plaintiff made affidavit for the issuance of a writ of sequestration, therein alleging that he had filed suit for possession of the automobiles and stating as ground for the writ:

"Petitioner fears the defendant the Texas Motor Car & Supply Company will make use of its possession of said property to injure said property, and will waste and convert to its own use the fruits and revenues produced by the same."

The bond for sequestration was duly filed, the writ served, and defendant replevied the property, giving the necessary bond, which was returned with the writ.

On August 21, 1915, plaintiff filed his first amended original petition, wherein he alleged that the cars were in good condition and with due care would have remained fit for use for one year and were earning a net revenue of $20 per day each, which was the fair and reasonable value of the use, hire, or rent thereof, and by reason of being deprived of the cars he suffered damages in the sum of $6,000. He also alleged the proceedings with regard to the sequestration and replevy of the cars, and that they had depreciated in value to the extent of $1,450 each. He prayed for judgment for possession of the cars, for his special damages against defendant and the sureties on the replevin bond, and, in the event the cars could not be delivered, for judgment against defendant and the sureties for the value thereof and for special damages, interest, and costs.

On June 15, 1917, plaintiff filed a third amended original petition making R. H. Welder, J. J. Welder, Jr., and W. A. Saunders, parties. In addition to the allegations in his preceding petition, he averred that the Texas Motor Car & Supply Company, on May 4, 1915, filed its certificate of dissolution, at which time R. H. Welder and J. J. Welder, Jr., were sole directors, officials, and stockholders thereof; that they were indebted to the corporation in stated amounts for stock subscribed for; that at the time of dissolution the corporation had assets of the value or more than $10,000 in excess of its liabilities, which were converted by the Welders; that the Welders, being the sole stockholders and directors upon the dissolution of the corporation, became and were trustees for the creditors thereof and as such trustees succeeded the corporation, and after its dissolution, as individuals, unlawfully retained and held and still unlawfully retain and hold the possession of the cars, to plaintiff's damage as thereinbefore set forth. Plaintiff pleaded that Saunders was asserting a claim for storage on the cars and a lien to secure such claim; that in truth Saunders had no claim or lien, but, if it should be held that he did have, the same was incurred by the Texas Motor Car & Supply Company and defendants R. H. and J. J. Welder, plaintiff not being liable therefor; that in the event Saunders should establish a claim against plaintiff, or a lien on the cars, plaintiff have judgment over against the Welders in such amount.

Saunders, by a petition in intervention, claimed he had purchased the garage from one Wood, who in turn had purchased it from the Texas Motor Car & Supply Company;

that he had acquired from Wood an unpaid account for storage on the cars and had a similar account of his own. He asserted a lien on the cars for such accounts, alleging that the cars were not of value sufficient to pay his debt, and prayed for foreclosure of his lien and judgment against plaintiff and the Welders.

On October 23, 1916, defendant Texas Motor Car & Supply Company filed an amended motion to quash the sequestration proceedings. After being made defendants, the Welders filed a like motion.

The court sustained the motions to quash the sequestration and instructed the jury to return a verdict in favor of plaintiff against defendants Welders, individually and as trustees of the Texas Motor Car & Supply Company, and the intervener, Saunders, for the possession of the cars, subject to the lien of Saunders for storage; also for Saunders in the sum of $200, with lien on the cars to secure the amount, and in favor of defendants Welders, individually and as trustees, against plaintiff and intervener on their claim for money judgment, and in favor of plaintiff against the claim of the intervener for money judgment. The verdict was returned, and judgment entered in accordance therewith.

On appeal, that part of the judgment of the trial court establishing the claim and lien of Saunders and foreclosing the lien was reversed, and judgment rendered that Saunders take nothing by his suit; the judgment of the trial court in all other respects being affirmed. 203 S. W. 441. J. H. White and W. A. Saunders made separate application for writ of error, which applications were granted. We shall first give consideration to the application of J. H. White.

[1, 2] We concur in the conclusion of the Court of Civil Appeals that the statement in the affidavit as ground for the issuance of the writ of sequestration, that defendant "will make use of its possession of said property to injure said property," is a substantial and sufficient compliance with the statute requiring the affidavit to state that plaintiff fears the defendant "will injure such property." We think, however, the Court of Civil Appeals erred in holding the suit under the original petition upon which the writ of sequestration issued was one for damages, and not for possession of the specific property, and that on this ground the writ was properly quashed.

A writ of sequestration may, under certain conditions, issue "when a person sues for the title or possession of any personal property of any description." Section 2, art. 7094, R. S. 1911.

[3-5] Defendants in error contend that, if it be conceded that plaintiff's original petition set up a "cause of action" for the recovery of the specific property, the petition did not seek such relief. One sues for title or possession when the action is brought for this purpose or object. It is quite true that the averments of fact in a petition may be sufficient to show a cause of action for the recovery of title or possession; yet plaintiff may not have sued for such recovery. Under the facts alleged, he might be within his right in demanding title or possession, and yet such demand may not have been made. Defendants in error insist that there is a distinction between the cause of action and the object of the action, and that in determining the right to the issuance of the writ the object of the action must be ascertained. That such a distinction exists cannot be doubted.

"The object of the action is the thing sought to be obtained by the action; it is the remedy demanded; the relief prayed for; and is to be distinguished both from the cause of action and the subject of the action." 1 C. J. 940.

Under article 1827, R. S. 1911, a plaintiff is required in his petition to make a full and clear statement of the cause of action, and such other allegations pertinent to the cause as he may deem necessary to sustain his suit; and must also state the nature of the relief which he requests of the court.

In determining whether plaintiff, through his original petition, sued for the recovery of the personal property, resort must be had to the petition in its entirety. The averments of fact must be read in connection with the prayer for relief. Plaintiff must recover upon the facts stated in his pleadings. His prayer for relief must be consistent with the cause of action asserted. Relief prayed for cannot be granted if it is not authorized by the facts pleaded; or, if justified by the facts pleaded, it cannot be granted unless prayed for. Milliken v. Smoot, 64 Tex. 171.

In the absence of a prayer for general relief, the specific relief sought is a controlling factor in determining the object of the suit.

"Where the plaintiff by the prayer of the petition asks a particular recovery, or special relief, which is consistent with the case stated, and there is no prayer for general relief, the special prayer must be regarded as evidencing the nature and object of the suit, and in this respect as giving character to it; and the plaintiff will not, in general, be entitled to a different judgment from that which he has asked." Hagan v. Kellum, 13 Tex. 396; City of Houston, v. Emery, 76 Tex. 282, 13 S. W. 264.

The object of the suit, however, is not determined by the specific relief prayed for, if the facts stated in the petition entitle plaintiff to other or further relief, and there is, as in this case, a prayer for general relief.

In Lee v. Boutwell, 44 Tex. 151, the court, speaking through Roberts, C. J., said:

"The cause of action under our system of pleading depends upon the facts stated in the petition that are appropriate for a recovery rather than upon the particular breach laid,

or the specific relief prayed, where there is a general prayer for relief, which, of course, must be understood to have reference and applicability to the facts alleged, whether the specific relief as specially prayed be granted or not."

And again:

"Where the plaintiff has prayed for general relief he may recover whatever the facts alleged and proved will entitle him to, although he may have prayed for a special relief, for which the facts of his petition as alleged do not constitute an appropriate predicate."

The motion to quash, on the ground that plaintiff did not sue for the recovery of the personal property, but for damages for its conversion, is, in effect, a general demurrer to the petition. It asserts that the petition is not sufficient upon which to predicate the issuance of the writ. Such action should be determined by the rule obtaining where a general demurrer is urged. The petition should be liberally construed and aided by all reasonable inferences and intendments.

The petition under consideration, though inartificially drawn, and lacking in clearness and precision, was, we think, sufficient upon which to base a judgment for the recovery of the specific property. There were allegations of ownership, delivery to defendant, and demand for possession, accompanied by a tender of charges. In his petition plaintiff tendered the amount of the reasonable and customary charges. There is allegation of special damages, at a stated rate per day, from the date of demand for and refusal of possession "until same are delivered to plaintiff." From the fact of tender of the charges, and that special damages are laid until the return of the property to plaintiff, the inference is reasonable and the intendment strong that plaintiff sought a recovery of the property. Facts are alleged not necessary in order to such recovery. These may be regarded as surplusage; but all facts essential to such recovery are averred, or reasonably inferred from the facts alleged. The special prayer is for the recovery of damages in the amount of the value of the property, and special damages, at a stated rate per day, from the date of demand and refusal to the date of the return of the property to plaintiff. There is no demand therein for the return of the property, but such demand is involved. A decree following the special prayer would require the return of the property and damages for its detention until the date of its return. That a specific demand for the return of the property was not included in the prayer for special relief rendered that prayer incomplete; but such omission would be without effect, in view of the prayer for general relief and a sufficient statement of the facts in the petition entitling plaintiff to such relief.

If the petition, thus construed, sought inconsistent relief—the return of the property and damages—it would be subject to special exception. If on this ground the special prayer be rejected in toto, the prayer for general relief remains, and under it plaintiff could have judgment for any and all relief to which the facts stated in his petition would entitle him. Cheeves v. Anders, 87 Tex. 287, 298, 28 S. W. 274, 47 Am. St. Rep. 107.

[6] While not recognizing common-law forms of action, yet, where personal property is sued for, the principles of law defining and governing the action of detinue must be resorted to. O'Shea v. Twohig, 9 Tex. 336, 343. The judgment in such action at common law, and as well under article 2368, R. S. 1911, is in the alternative for the recovery of the property, or its value as assessed by the jury. Pridgin v. Strickland, 8 Tex. 427, 435, 58 Am. Rep. 124. Under the facts alleged in his original petition, without any special prayer, but with only a prayer for general relief, plaintiff would be entitled to such judgment. Being entitled under his original petition to a recovery of possession of the specific property, it must be held, on the motion to quash the writ of sequestration, that plaintiff sued for such possession.

[7] We think the Court of Civil Appeals correctly sustained the action of the trial court in giving a peremptory instruction in favor of defendant Texas Motor Car & Supply Company, and in favor of the Welders, individually and as trustees for the Texas Motor Car & Supply Company, against plaintiff White and intervener Saunders, on their claims for money judgment.

[8] The corporation having been dissolved, no judgment could be rendered against it. Plaintiff established his right to the possession of the property theretofore in possession of the corporation, and the court properly instructed a verdict in favor of plaintiff against the Welders, as trustees of the corporation, for such possession. If it should be held that, through their statutory trusteeship, the Welders were in constructive possession of the property as trustees, and as such were liable in like manner as the corporation would have been but for its dissolution, yet no judgment could be rendered against them as trustees for such damages, because, as found by the Court of Civil Appeals, the Welders owed nothing on stock subscriptions; the corporation prior to its dissolution was wholly insolvent, and no property or assets thereof came into the hands of the trustees after the dissolution. Under articles 1206 and 1207, R. S. 1911, such trustees are responsible only to creditors and stockholders of the corporation, and their liability is limited "to the extent of its property and effects that shall have come into their hands."

[9] Plaintiff in error asserts that directors of a corporation at the time of its dissolution become individually liable to the owner of personal property passing into their hands upon the dissolution of the corporation, for injury to, or deterioration in, the value of such property through its unlawful detention. If the Welders incurred any individual liability, it could only be with reference to acts and omissions subsequent to the dissolution of the corporation. There is no evidence that the cars were in their possession at the time of the dissolution, or came into their possession thereafter. On the contrary, it appears that the Welders were nonresidents, had nothing to do with the management of the business, knew nothing concerning the cars, and, as individuals, had never been in possession of same. But, if the Welders could be held liable, there is no basis for the recovery of damages against them. There is no allegation or evidence of the value of the property at the date of the dissolution, or of the extent of the injury to or depreciation of the property after such date.

W. A. Saunders assigns error to the action of the Court of Civil Appeals in reversing the judgment of the trial court, establishing in his favor a claim and lien for storage charges and foreclosing the lien and rendering judgment that Saunders take nothing by his plea in intervention.

Upon a careful consideration, we think the Court of Civil Appeals reached a correct conclusion. The discussion of the question in the opinion by that court renders further discussion by us unnecessary.

We are of opinion that the judgment of the Court of Civil Appeals, reversing the judgment of the trial court in favor of W. A. Saunders and rendering judgment that he recover nothing, should be affirmed; that for the error in affirming the action of the trial court in quashing the writ of sequestration the judgment of the Court of Civil Appeals should be reversed, and the cause remanded for a new trial.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.