SCRUGGS v. McCART. (No. 3182.)

Court of Civil Appeals of Texas. Amarillo. April 10, 1929.

Rehearing Denied May 15, 1929.

974

Burgess, Burgess, Chrestman & Brundidge and O. A. Fountain, all of Dallas, for appellant.

Cockrell, McBride, O'Donnell & Hamilton, of Dallas, for appellee.

HALL, C. J. The city of Dallas instituted this suit for the benefit of the Texas Bithulithic Company, to recover an amount alleged to be due upon a paving assessment and to foreclose the paving lien upon certain lots in the city of Dallas. The petition names as defendants Southern School Book Depository, a corporation, Smith-Hughs Investment Company, a corporation, Victor R. Smith, J. W. Embree, and Mrs. Lizzie McCart, a feme sole. The plaintiff prays that it have judgment against the defendants Victor R. Smith, Smith-Hughs Investment Company, and Southern School Book Depository, for the amount due, as evidenced by the assessment, together with interest thereon and attorney's fees, and that it further have judgment foreclosing its lien upon the premises as against all defendants.

Embree and the Southern School Book Depository answered, disclaiming, and denied that they had ever owned the lots in controversy, and they were dismissed with their costs.

Mrs. McCart answered, denying the existence of plaintiff's lien, and alleged that she had purchased the property in question from Gross R. Scruggs on May 17, 1923, without notice of the plaintiff's alleged lien; that Scruggs and wife had conveyed the property to her by general warranty deed, warranting the title free of all liens and incumbrances. She prayed that Scruggs be made a party defendant, "and that if plaintiff have judgment against this defendant, that this defendant have judgment over against the said Gross R. Scruggs on the aforesaid warranty in such an amount as the law will award." She also prayed for general relief.

Scruggs answered by plea in abatement, and in reply to the cross-action of Mrs. McCart set up a plea in abatement and answered by general demurrer, insisting that Mrs. McCart had filed her cross-action against him prematurely, in that she had sustained no loss, no judgment had been rendered against her, and neither had she been dispossessed.

Alex Meletio and wife filed their petition on April 17, 1928, asking leave to intervene in

the action, alleging that they had purchased the lots in question from Mrs. Lizzie McCart by general warranty deed, granting and conveying them the property, and prayed that they have judgment against Mrs. McCart and Gross R. Scruggs on their respective warranties in the amount of the plaintiff's debt. The court overruled the motion, and they were denied the right to intervene. They have not appealed from the court's order, and no error is assigned by any one to the court's action.

The case was tried to the court without a jury, and judgment was rendered on May 2, 1928, in favor of plaintiff against Victor R. Smith in rem for the sum of $1,109.71 and interest from the date of the judgment at 6 per cent. and for foreclosure of the lien as against all the defendants, except Scruggs. There was no prayer for a foreclosure as to him, and he is not mentioned in plaintiff's pleadings. The property was ordered sold for the payment of the judgment. The judgment recites that it appearing to the court that Mrs. McCart acquired the property in controversy subsequent to the accrual of the paving lien from the defendant Gross R. Scruggs and wife, under a deed containing a covenant of general warranty against incumbrances, it is ordered, adjudged, and decreed that she recover from Gross R. Scruggs the sums herein adjudged in favor of the city of Dallas, trustee for the Texas Bithulithic Company, being $1,109.71, with interest, and decrees that if the property shall not sell for a sum sufficient to satisfy the amount of the judgment rendered in favor of the plaintiff, the city of Dallas, then that no further process shall issue on said judgment in favor of plaintiff.

Scruggs alone has appealed. He complains only of that part of the judgment decreeing a recovery against him in favor of Mrs. McCart. The proceedings in the case, stated in their sequence, are as follows: The city of Dallas filed its original petition and lis pendens notice December 1, 1924. Its amended petition was filed September 1, 1925. Mrs. McCart filed her amended answer and cross-action May 14, 1925. Scruggs filed his answer to the cross-action on May 21, 1925. On the 21st day of May, 1926, Mrs. McCart conveyed the property in question, by general warranty deed, to Alex Meletio and wife, and judgment was rendered May 2, 1928. No amended pleadings were filed after Mrs. McCart conveyed the lots to Meletio.

The following documentary evidence pertinent to the issues between the appellant and appellee was introduced:

(1) The lis pendens record of Dallas county showing the filing of a lis pendens notice and the due registration thereof in the records of Dallas county on December 1, 1924.

(2) A general warranty deed, executed by Gross R. Scruggs and wife to Mrs. Lizzie McCart, a feme sole, dated May 17, 1923, reciting a consideration of $70,000, and in the

form prescribed by R. S. art. 1292, conveying the property in question.

· (3) Scruggs introduced, without objection, a certified copy of a general warranty deed, dated May 21, 1926, from Mrs. Lizzie McCart, a feme sole, to Alex Meletio and wife, conveying the property in question for a recited consideration of $70,000. This deed is also in statutory form.

The first proposition urged by appellant is: "Appellee, in her cross-action against appellant, having prayed that in the event plaintiff recover judgment against her, that she have judgment over against appellant for such amount as the law will allow, and plaintiff having neither sought nor recovered a money judgment against appellee, the judgment in favor of appellee against appellant is not supported by her pleadings and is erroneous."

Appellant's second proposition is: "The defendant, Gross R. Scruggs, having conveyed the real property in question, by general warranty deed, to the defendant, Lizzie McCart, after the fixing of the paving lien against the property, and Lizzie McCart, thereafter, having conveyed the property, by general warranty deed, to Alex Meletio and wife, Wilhelmina Meletio, Lizzie McCart was not the owner of the property when the case was tried, and no money judgment having been sought or recovered against her, the rights of Alex Meletio and Wilhelmina Meletio against Lizzie McCart, under her warranty to them, and their rights against Gross R. Scruggs, under his warranty to Lizzie McCart, are outstanding, undetermined, and unsatisfied; therefore, the judgment of the court against Gross R. Scruggs in favor of Lizzie McCart, on her cross-action against him, was erroneous."

We think the first proposition should be sustained.

■ In Jordan et al. v. Massey (Tex. Civ. App.) 134 S. W. 804, it is stated that, because the statute (article 2003) provides that the petition shall state the nature of the relief sought, "a prayer for relief is therefore an essential part of the plaintiff's petition, and will determine the character of the order or decree which the court is called upon to render. Hogan v. Kellum, 13 Tex: 399; City of Houston v. Emery, 76 Tex. 282, 13 S. W. 264. It not only serves the purpose of indicating the desire of the petitioner as to some particular adjudication which he wishes the Court to make, but of fixing a limit beyond which the Court is not authorized to go in making its judicial award."

The special prayer in Mrs. McCart's petition indicated the desire upon her part to have no judgment against Scruggs unless the city of Dallas should recover against her. As stated, the city recovered no personal judgment against any one, and the court therefore transcended the limits fixed by Mrs. McCart in her special prayer. For this reason, the judgment is not supported by her pleadings. Wheeler v. Wheeler, 65 Tex. 573; Lewis v. Dennis, 54 Tex. 487; Burks v. Burks (Tex. Civ. App.) 141 S. W. 337.

Judge Cureton said in Yett v. Cook, 115 Tex. 205, 281 S. W. 837, that a prayer for general relief cannot be construed as being a prayer for anything which is expressly excepted therefrom by other portions of the pleadings. Having prayed for judgment against Scruggs only upon condition that the city should recover against her, no judgment could be awarded Mrs. McCart under her prayer for general relief.

We find amongst the papers in the case an assignment, by the city of Dallas and the Texas Bithulithic Company to the Dallas Title & Guaranty Company, of all interest assignors had in the judgment against the several defendants. The assignment recites a consideration of $1,200 paid, and is dated July 3, 1928.

On the same date, Mrs. McCart, for a recited consideration of $10, assigned to the said Dallas Title & Guaranty Company the judgment recovered by her against Scruggs in this case, authorizing the assignee, upon payment of the judgment, to receipt for the same and to sue out execution and all other legal processes in her name for the enforcement of said judgment.

On the 23d day of January, 1929, the Dallas Title & Guaranty Company executed an instrument reciting the facts of the judgment and the foreclosure of the lien, the acquisition by it of the interest of the city of Dallas, the Texas Bithulithic Company, and Mrs. Lizzie McCart in said judgment, and contains this further recital: "Now, therefore, in consideration of the premises and the sum of $10.00 to it in hand paid by Lizzie McCart, the said Dallas Title & Guaranty Co., of Dallas, Texas, does hereby release to the said Lizzie McCart, her heirs and assigns, said judgment rendered against the above described property as hereinbefore set out and does hereby declare said property to be free from any and all liens arising by virtue of said judgment and foreclosure as above set out; but this release shall not operate as a release of any rights that the Dallas Title & Guaranty Co., might have as against any of the defendants personally by virtue of said judgment, but said judgment is continued in full force and effect, except that said property is freed of said judgment lien."

Filed with these, there is also a fourth instrument which seems to be a stipulation, signed by parties for both sides, that the foregoing instruments may be considered by this court as if they had been filed in the trial court and incorporated in the record, and the stipulation further recites that the attached release of the judgment may be considered as filed with the clerk of the trial court as of its date.

■ As we understand the rules, appellate courts cannot consider original papers of this

character filed after judgment and not incorporated in the record. Exactly why these instruments were filed is not clear, but appellate courts cannot pass on questions not raised by the record. Gunn v. Miller (Tex. Civ. App.) 26 S. W. 278; Fielder v. Houston Oil Co. (Tex. Com. App.) 210 S. W. 797; G. H. & S. A. Ry. v. McCray (Tex. Civ. App.) 43 S. W. 275; Pipkin v. Tinch (Tex. Civ. App.) 97 S. W. 1077; Ennis Merc. Co. v. Wathen, 93 Tex. 622, 57 S. W. 946; Brown v. Torrey, 22 Tex. 54.

The record contains no pleading whatever under which the deed from Mrs. McCart to Alex Meletio is admissible. We cannot, therefore, consider it for any purpose. Henry v. Phillips, 105 Tex. 459, 151 S. W. 533; Austin Bros. v. Patton (Tex. Com. App.) 294 S. W. 537. . Since the court denied the Meletios the right to intervene, this deed cannot be considered as evidence upon any issue made by the pleadings. No pleadings filed in the case alleged the fact that Mrs. McCart had sold and conveyed the property to Meletio. The second proposition is therefore overruled.

Awarding Mrs. McCart a recovery, when she specially prayed for judgment in the event only that the city recover against her, is fundamental error requiring a reversal, because a judgment not supported by the pleadings and the record cannot stand. White v. Cooksey (Tex. Civ. App.) 253 S. W. 548; Hendrick v. Blount-Decker Lbr. Co. (Tex. Civ. App.) 200 S. W. 171; Payne v. Godfrey, 61 Tex. Civ. App. 40, 129 S. W. 163.

The judgment is reversed, and the cause remanded.